[Crim. No. 4686.   In Bank.   Jan. 4, 1946.]

In re THOMAS JAMES JINGLES, on Habeas Corpus.

Edward D. Mabson for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SPENCE, J.—Petitioner, who is in the custody of the sheriff of Contra Costa County, seeks his release on habeas corpus.

Petitioner was charged in the Police Court of the City of Richmond with a misdemeanor to wit: a violation of section 5 of the Dangerous Weapons' Control Law of 1923 (Stats. 1923, p. 695; Deering's Gen. Laws, 1944, Act 1970), in that on or about August 15, 1945, in the city of Richmond, he had in his possession a revolver, a deadly weapon, capable of being concealed on his person. Upon his plea of guilty, entered on August 16, 1945, the imposition of sentence was suspended and he was placed on probation for a period of one year upon the condition, among others, that he serve six months in the county jail.

The writ was issued by this court upon the filing of a petition in which petitioner alleged: (1) that he "was not represented by, nor did he have the assistance of, counsel, nor did he competently, intelligently, completely, or at all, waive the assistance of counsel on his said trial, nor was he given the opportunity of obtaining the aid and assistance of counsel" (Art. I, § 13, Constitution of the State of California); (2) that a trial by jury was not waived in open court "by defendant and his counsel" (Art. I, § 7, Constitution of the State of California); (3) that the court pronounced judgment forthwith and in less than six hours after the plea of guilty was entered contrary to the provisions of section 1449 of the Penal Code; and (4) that petitioner was convicted and is now confined "for the commission of an act which is not a crime."

A return was filed herein which included a certified copy of the entries in the "Criminal Docket of the Police Court of the City of Richmond" relating to the proceedings on the above-mentioned charge against petitioner. The pertinent portions of these entries read: "Arraigned and instructed. Plea—Guilty. Defendant requested that judgment be pronounced forthwith." Upon the return day, petitioner and Judge Leo G. Marcollo, who presided in the police court, testified regarding the proceedings there. While there was

some conflict in the testimony, we are satisfied that prior to petitioner's entry of his plea of guilty, he was fully instructed as to his right to be represented by counsel and as to his right to enter a plea of not guilty and to be tried by a jury.

Petitioner's precise claim under his first point is not entirely clear as his several allegations with respect to that point are made in the disjunctive and the authorities cited by petitioner deal only with the general right of the accused to the aid of counsel. ██ There can be no doubt that petitioner had the right to be represented by counsel for the constitutional guarantee extends to criminal prosecutions ''in any court whatever.'' (Art. I, § 13, Constitution of the State of California.) And while the right of an accused person to be represented by counsel should be jealously guarded, petitioner concedes that it is a right which may be waived. (*In re Connor,* 16 Cal.2d 701 [108 P.2d 10].) In this connection, we may state that it is a matter of common knowledge that it is a right which is very commonly waived in prosecutions for misdemeanors in justices' and police courts. If, therefore, under the facts as determined from the evidence, there was a valid waiver by petitioner of his right to be represented by counsel, it is of no moment that he ''was not represented by, nor did he have the assistance of, counsel.''

██ As above indicated, we are satisfied that petitioner was fully instructed as to his rights and we are further satisfied that petitioner made no request at any time for an ''opportunity of obtaining the aid and assistance of counsel.'' The question involved in petitioner's first point is therefore narrowed to his allegations that he did not ''competently, intelligently, completely, or at all, waive the assistance of counsel.'' With respect to these allegations, petitioner states in his brief that he was ''unfamiliar with court procedure and the legal rights of persons charged with crime.'' He testified to that effect on the return day, but if an accused person is fully instructed concerning his rights and thereafter, and with full knowledge of those rights, waives his right to be represented by counsel, the mere fact that he may not previously have been familiar with those rights or with court procedure is not determinative. Petitioner's testimony demonstrated that he is a man of average intelligence and that he was as capable as the average person of ''competently, intelligently, and completely'' waiving his right to be represented by counsel. There remains only the question of whether petitioner waived that right ''at all.''

Under the facts as determined by this court, we are of the opinion that petitioner impliedly waived his right to counsel. It is true that there was no express waiver, but the authorities clearly indicate that an implied waiver is sufficient. (*Cundiff* v. *Nicholson,* 107 F.2d 162; *McDonald* v. *Hudspeth,* 108 F.2d 943; *Franzeen* v. *Johnston,* 111 F.2d 817.) Having been fully advised concerning his right to be represented by counsel, petitioner's implied waiver of that right resulted from his act of voluntarily entering his plea of guilty, without having the aid of counsel and without requesting the aid of counsel, after being thus fully advised.

Petitioner's second point appears to be that as he was not represented by counsel, there could be no valid waiver of a trial by jury by "defendant and his counsel." (Art. I, § 7, Constitution of the State of California.) It is a sufficient answer to this point to state that after petitioner entered a valid plea of guilty, no question of the right to trial by jury or of the manner of waiving such right remained. (*People* v. *Hough,* 26 Cal.2d 618 [160 P.2d 549].)

Petitioner's third point was apparently abandoned upon the oral argument as the testimony showed without conflict that petitioner waived time for pronouncing judgment.

Petitioner's fourth point is entirely without merit. The complaint was clearly sufficient "to give the accused notice of the offense of which he is accused" (Pen. Code, § 952) and it was not necessary for the complaint to negative the exceptions specified in the statute. (*In re Lord,* 199 Cal. 773 [250 P. 714]; *Ex parte Hornef,* 154 Cal. 355 [97 P. 891].)

Furthermore, as was said in *In re Leach,* 215 Cal. 536 [12 P.2d 3], in quoting with approval from 13 California Jurisprudence at page 232: "The scope of inquiry upon *habeas corpus* into the sufficiency of an indictment or information is limited, for, although the petitioner may be discharged if the pleading totally fails to charge an offense known to the law, if there is attempted to be stated an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into." (See, also, *In re Wilson,* 196 Cal. 515 [238 P. 359]; *In re Kavanaugh,* 180 Cal. 181 [180 P. 533].)

The writ is discharged and the petitioner is remanded to custody.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.