[Civ. No. 22925.   First Dist., Div. Three.   June 10, 1966.]

ROBERT E. BLAKE, Plaintiff and Respondent, v. MUNIC-
IPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent; THE PEOPLE, Real Party
in Interest and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, Edward P. O'Brien and John T. Murphy, Deputy Attorneys General, for Real Party in Interest and Appellant.

No appearance for Defendant and Respondent.

S. Bruce Scidmore for Plaintiff and Respondent.

SALSMAN, J.—The Superior Court of Alameda County directed issuance of a writ of mandate compelling the Municipal Court of the Oakland-Piedmont Judicial District to set aside respondent Robert E. Blake's plea of guilty to a traffic citation charging him with a violation of Vehicle Code section 22350 (driving a vehicle at a speed which endangers the safety of persons and property). This appeal challenges the propriety of that order.

The facts are not in dispute. On March 8, 1965, at approximately 9 a.m., Robert Blake, hereafter called respondent, appeared without counsel in the Oakland-Piedmont Municipal Court to answer a traffic citation charging him with driving an automobile at the speed of 53 miles per hour in a 25 mile-per-hour speed zone. The courtroom was nearly full. According to the declaration made by the presiding judge there were two calendars called that morning. Prior to the calling of each calendar the judge informed all those present of their constitutional rights, particularly of the right to a jury trial, and the right to be represented by counsel. The judge also told those present that if they could not afford a private attorney, the services of the public defender might be available to them, but if no request was made at the time of plea, he would assume that each individual had made his own arrangements.

In his petition for the writ of mandate respondent alleged that he stopped paying attention to the judge's instructions after he concluded they had no application to his case. Thus respondent could neither affirm nor deny that the judge had informed him of his right to counsel.

When respondent's case was called he appeared before the judge and was informed of the charge and asked for his plea. After some discussion he entered a plea of guilty and was thereupon sentenced to serve one day in jail. He moved to set aside his plea of guilty but his motion was denied. He then asked mandate of the superior court, asserting that he had not been properly advised of his right to counsel before entry of his guilty plea.

We must first decide whether respondent was properly informed of his right to counsel. We have concluded there was no defect in the procedure adopted by the municipal court.

Article I, section 13 of the California Constitution guarantees a right of counsel to any person charged with a criminal offense. This guarantee extends to persons charged with misdemeanors. (*In re Masching*, 41 Cal.2d 530, 532 [261 P.2d 251]; see also *In re Jingles*, 27 Cal.2d 496, 498 [165 P.2d 12].) Penal Code section 858 imposes upon the magistrate before whom the accused is brought a duty to inform him of his right to counsel, and section 859 requires, among other things, that the court appoint counsel if the accused so desires and is unable to employ an attorney.[1] Here, as the statement of facts indicates, respondent appeared without counsel, in a crowded traffic courtroom, where many others also awaited the disposition of their cases. The record is clear that the judge, seeking to comply with the constitutional mandate and the requirements of the Penal Code collectively informed all defendants of their right to counsel and their right to have the court appoint an attorney for them if they were unable to employ counsel. The text of the judge's statement appears in the clerk's transcript. It is comprehensive and complete, and fairly advises all defendants appearing in the court of their right to counsel. A procedure similar to that used here was reviewed and approved in *In re Sheridan*, 230

---

[1]Section 859 on its face applies only to cases "over which the superior court has original jurisdiction." But, as explained in *In re Johnson*, 62 Cal.2d 325, 329, footnote 2 [42 Cal.Rptr. 228, 398 P.2d 420], the section is declaratory ". . . of the several duties of the magistrate which give meaning and effect to the constitutional guarantee of counsel 'in any court whatever.' "

Cal.App.2d 365 [40 Cal.Rptr. 894]. Here, as in *Sheridan,* we find no denial of respondent's constitutional rights because of the procedure adopted by the municipal court judge in informing all defendants collectively of their constitutional right to counsel. (See also *In re Johnson,* 62 Cal.2d 325, 332, 333 [42 Cal.Rptr. 228, 398 P.2d 420].)

Although the respondent was adequately informed of his right to counsel, the question remains whether he waived this right after being informed of it.

When respondent's case was called he was arraigned before the judge. He was properly informed of the nature of the charges against him and was asked for his plea. He made no request for counsel, and as we have seen, entered a plea of guilty. The attorney general argues that a waiver of respondent's right to counsel may be inferred from the fact that he had been properly informed of the right, made no request for counsel, and entered a plea of guilty, citing *In re Jingles, supra,* 27 Cal.2d 496, in support of this contention. But in *In re Johnson, supra,* 62 Cal.2d 325, 333, the court questioned the holding in *Jingles,* saying: "The issue, however, is not as simple today as it may have been nearly two decades ago when *Jingles* was decided. To begin with 'it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.' (*Carnley* v *Cochran* (1962) 369 U.S. 506, 513 [82 S.Ct. 884, 8 L.Ed.2d 70].) Petitioner's failure to make such a request, accordingly, cannot be deemed a waiver of this constitutional right. Nor is the entry of a guilty plea conclusive of a waiver; the holding of a state court that by pleading guilty a defendant will be conclusively presumed to have waived counsel has been expressly disapproved by the United States Supreme Court. . . ." (*Id.* at p. 333.)

In *In re Johnson, supra,* the defendant was charged with various violations of the Vehicle Code. He was properly advised of his right to counsel and entered a plea of guilty to each charge. The court imposed five maximum consecutive jail sentences upon the defendant, totalling 900 days. The record in *Johnson,* however, did not show a waiver by the defendant of his right to counsel. The Supreme Court reversed the judgment, and declared: "In view of the multiplicity and potential seriousness of the charges the court should have made a reasonable effort, before accepting petitioner's pleas of guilty, to determine whether he understood his predicament and was capable of representing himself effectively at all stages of the

proceedings.'' (*Id.* at p. 337.) The court cited with approval the procedure used in *In re Sheridan, supra.* In *Sheridan,* the defendant's were charged with a serious offense. (Pen. Code, § 647a, subd. (1).) They were properly informed of their constitutional rights. Each defendant was specifically asked if he waived his right to counsel. All were told that even if they waived their right to counsel the court would nevertheless consider all of the facts and circumstances of the case, including the apparent education, experience and mental capacity of each defendant and thereupon determine if each was capable of waiving his right to counsel. Each defendant waived counsel and the court thereafter found in effect that each was capable of making a meaningful waiver and that each was capable of defending himself.

In the case now before us, respondent was charged with a simple traffic offense that arises with great frequency.[2] The maximum punishment that could have been imposed upon him was a $50 fine or five days in jail. (Veh. Code, § 42001.) Yet, even though the offense be a minor one, constitutional rights of a defendant may not be diminished or forgotten. The critical question here is whether respondent's conviction may be upheld where he has properly been told of his right to counsel, but the record is silent upon the question of waiver of that right. In *Carnley* v. *Cochran,* 369 U.S. 506, 516 [82 S.Ct. 884, 8 L.Ed.2d 70], the court declared that ''Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.''

Although most cases in which the courts have declined to presume a waiver of the right to counsel when the record is silent are felony cases involving serious crimes, the court in *Johnson* applied the rule of *Carnley* v. *Cochran* in a misdemeanor traffic case. It is true that *Johnson* may readily be distinguished from the instant case. Obviously the cumulative sentences totalling 900 days in jail imposed in *Johnson* are much more severe than the one-day jail sentence given to respondent here. Nevertheless, we hold that where, as here, loss of personal liberty may, and actually does, result upon conviction, even though the offense be classified as a mere mis-

---

[2] See *In re Johnson,* footnote 8, page 336, citing Judicial Council statistics for 1963-64 and noting the issuance of approximately 7,275,000 traffic citations for that period.

demeanor, the record must affirmatively show that the accused was notified of the right to counsel and expressly waived that right.   Our record does not satisfy this standard. Accordingly, we deem the order of the trial court directing the municipal court to set aside respondent's guilty plea to be correct, and therefore affirm.

The order is affirmed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied July 6, 1966, and appellant's petition for a hearing by the Supreme Court was denied August 17, 1966. McComb, J., was of the opinion that the petition should be granted.