[Crim. No. 13807.    Second Dist., Div. Five.    Jan. 10, 1968.]

In re FRANK C. LUNA on Habeas Corpus.

Burton Marks, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Respondent.

KAUS, P. J.—On July 14, 1964, the District Attorney of Los Angeles County filed a four-count information against petitioner. He was charged with assault with a deadly weapon (Pen. Code, § 245), assault with intent to commit murder (Pen. Code, § 217), robbery (Pen. Code, § 211) and kidnaping for the purpose of robbery (Pen. Code, § 209). With respect to the violation of section 209 of the Penal Code it was charged that the victim was subjected to bodily harm, which made it a capital offense.

On July 24, 1964, petitioner, represented by private counsel, pleaded "not guilty." On August 3, 1964, while still represented by private counsel, he withdrew his plea of "not guilty" to count I and the charge of assault with a deadly weapon and pleaded guilty to that count.

The matter was then continued to September 18 and a probation report was ordered.

On September 18 defendant appeared without counsel. The court first announced that the matter would be continued to September 25 at the request of the probation officer. Defendant then presented a petition for a writ of habeas corpus to the court. It was prepared by himself. He explained that he had relieved his private counsel. The court then appointed Mr. Powell of the Public Defender's office to represent petitioner. The petition for a writ of habeas corpus was denied "without prejudice." Mr. Powell was advised that he could renew it if he so desired.

On September 25 Mr. Powell and petitioner appeared together. Mr. Powell informed the court that he and petitioner had been unable to "get together on procedures for the future" and that petitioner no longer desired his services. He asked to be relieved.

Petitioner agreed with Mr. Powell's statements. The following colloquy ensued between him and the court: "THE COURT: You are aware that you are entitled to have an attorney—— THE DEFENDANT: If I am entitled, I would like to have the Court appoint attorney. THE COURT: You cannot have an attorney appointed by the Court. You can have an attorney of your own choice if you have the funds. THE DEFENDANT: I have a writ of habeas corpus. THE COURT: Is that the same writ you had the last time? THE DEFENDANT:

Yes, it is, your Honor. MR. POWELL: Does your Honor relieve the Public Defender? THE COURT: Yes, you are relieved. . . .''

From that point on defendant represented himself. He waived arraignment for judgment. Judgment was pronounced and he was sentenced to state prison for the term prescribed by law.[1] The record shows no disposition of counts II, III and IV.

■ On July 5, 1967, petitioner filed a petitition for a writ of habeas corpus with this court. *Inter alia* he claims that he did not intelligently waive his right to counsel on September 25. We agree. ■ No one, of course, disputes that petitioner was entitled to be represented by counsel at the time of the pronouncement of judgment, unless he intelligently waived that right. (*In re Perez*, 65 Cal.2d 224, 228-231 [53 Cal.Rptr. 414, 418 P.2d 6].) The reasons why the assistance of counsel at the time of the pronouncement of judgment is a vital right are fully articulated in *Perez* and the cases cited therein. They need not be repeated here.[2]

■ It is plain that petitioner was permitted to represent himself although the court made no attempt whatever to determine whether his apparent waiver of counsel was intelli-

---

[1]On August 31, 1964, it had been stipulated ''that the Court may determine the validity of [two prior felonies charged against petitioner] at the time of probation and sentence by any information furnished the Court by either [petitioner's privately retained counsel] or the District Attorney's office or the Probation Department.'' The reporter's transcript of the proceedings of September 18 and September 25 does not show that the court ever made such a determination, yet the written judgment contains the following recital: ''. . . second prior conviction having been found true as alleged, to wit: Rape and Robbery, felonies, Superior Court of the State of California, County of Los Angeles, November 25, 1946 and served a term in the State Prison, first prior conviction having been found not true.'' Petitioner appealed from the judgment. The record was prepared and filed with this court. Counsel was appointed, but on June 9, 1965, petitioner personally wrote a letter to the court abandoning the appeal. It was dismissed. Petitioner's present counsel questions the validity of that dismissal. The point is not really before us. If petitioner revives the appeal in spite of the outcome of the present proceeding, he should request of the division which dismissed the appeal that the remittitur be recalled.

[2]There was an additional reason present in the case at bar. Petitioner had pleaded guilty on August 31, 1964, the day our Supreme Court filed the first *Dorado* [62 Cal.2d 338 (42 Cal.Rptr. 169, 398 P.2d 361)] opinion. The preliminary transcript shows that after petitioner's arrest the police elicited a confession from him. He had not been warned of any of his rights. Defendant had confessed the robbery and kidnapping. He had denied being armed. The confession lent support to the prosecution's theory that he inflicted bodily injury on the victim. Although a rehearing in *Dorado* was granted on September 24, no one can say that defense counsel's probable ignorance of the first *Dorado* decision on August 31 might not have been an adequate basis for a successful motion to withdraw the plea of guilty. (Pen. Code, § 1018.)

gently and understandingly made. (*People* v. *Carter*, 66 Cal. 2d 666, 671-673 [58 Cal.Rptr. 614, 427 P.2d 214] ; *In re Johnson*, 62 Cal.2d 325, 333-334 [42 Cal.Rptr. 228, 398 P.2d 420].)

Respondent relies on *People* v. *Ferry*, 237 Cal.App.2d 880, 890 [47 Cal.Rptr. 324], for the proposition that ''conduct can constitute waiver.'' *Ferry* relies principally on *In re Jingles*, 27 Cal.2d 496, 499 [165 P.2d 12], concerning which case the Supreme Court said in *Johnson*: ''The issue, however, is not as simple today as it may have been nearly two decades ago when *Jingles* was decided.'' (*Ibid.*, p. 333.)

Of course the deputy public defender had asked to be relieved and petitioner had concurred in the request. If this joint request had had the effect of forcing the court to relieve the public defender then it would follow that where it appears later that the defendant cannot make an intelligent waiver of his right to counsel, the court must either go on appointing until it finds one who will proceed as defendant wants him to or it must proceed unconstitutionally. That the former course of action—successive appointments—is not required is well established. (*People* v. *Norman*, 252 Cal.App.2d 381, 399, 401 [60 Cal.Rptr. 609].) The latter course is unthinkable.

The solution to the dilemma is very simply that the court was under no obligation to relieve the public defender simply because he and petitioner disagreed on strategy. (*People* v. *Stewart*, 240 Cal.App.2d 1, 5 [50 Cal.Rptr. 26] ; *People* v. *Jackson*, 186 Cal.App.2d 307, 315-316 [8 Cal.Rptr. 849].)

'' [T]here is no constitutional right to an attorney who will conduct the defense of the case in accordance with an indigent defendant's whims.'' (*People* v. *Nailor*, 240 Cal.App. 2d 489, 494 [49 Cal.Rptr. 616] ; see also *People* v. *Mattson*, 51 Cal.2d 777, 793 [336 P.2d 937] ; *In re Atchley*, 48 Cal.2d 408, 418-419 [310 P.2d 15].)

We must therefore grant the writ for the sole purpose of appointing counsel—or accepting an understanding and intelligent waiver of such appointment—prior to the pronouncement of judgment. The record before us shows no defect in the adjudication of guilt. Petitioner has informed his counsel that a reference before this court would disclose such defects. Counsel correctly point out that when the matter comes up again in the superior court any defect in the adjudication of guilt serious enough to cause the vacation of that adjudication would be an ample basis for permitting petitioner to withdraw his plea of guilty under section 1018 of the Penal Code. It is of course far preferable that any factual controversies

concerning petitioner's alleged grounds be resolved in the superior court than before us.

Counts II, III and IV should be dismissed. With respect to these counts petitioner's right to a speedy trial has obviously been violated. (*Klopfer* v. *North Carolina*, 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988] ; Cal. Const., art. I, § 13; Pen. Code, § 1382, subd. 2.)

The proceedings of September 25, 1964, are vacated. Petitioner is discharged from the custody of H. V. Fields, Superintendent, California Mens Colony, Los Padres, California, and committed to the custody of the Sheriff of Los Angeles County with directions that counts II, III and IV be dismissed, that petitioner be permitted to move to withdraw his plea of guilty to count I, if so advised, and that he be arraigned for judgment and that judgment be pronounced if such motion is not made or, if made, is denied.

Hufstedler, J., and McCoy, J. pro tem.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.