[Crim. No. 4898. Third Dist. Apr. 3, 1969.]

In re WILLIAM A. RENDER on Habeas Corpus.

424

Robert F. O'Neal, under appointment by the Court of Appeal, for Petitioner.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Daniel J. Kremer, Deputy Attorneys General, for Respondent.

FRIEDMAN, Acting P. J.—In December 1958 petitioner was convicted in San Francisco of three counts of heroin sale (former Health & Saf. Code, § 11500) and sentenced to three consecutive terms. He admitted three prior convictions: a 1952 narcotics conviction in Alameda County for violating Health and Safety Code section 11721 (a misdemeanor) and two theft convictions.

In this habeas corpus proceeding he attacks the validity of his 1952 Alameda County conviction, claiming impairment of his constitutionally protected right to counsel. As the provisions of the Health and Safety Code read in 1958, the 1952 narcotics conviction served to augment the minimum period of each of the three consecutive terms imposed by the San Francisco court in 1958. ■ A constitutionally invalid prior conviction used to augment a current term of imprisonment is subject to collateral attack by habeas corpus. (*In re Woods*, 64 Cal.2d 3, 5 [48 Cal.Rptr. 689, 409 P.2d 913].) Petitioner contends that in December 1952, as he stood before the Municipal Court of the Oakland-Piedmont Judicial District, Alameda County, he was indigent, never apprised of his right to publicly supplied legal representation and did not effectively waive that right before his guilty plea.

■ It is now settled that the guarantee of counsel extends to misdemeanor cases in justice or other inferior courts; that the defendant must be made fully aware of his right to counsel; that the court must not only advise him of it, but must also inform him that the court will provide an attorney if he cannot afford one; that these are constitutional demands. (*In re Smiley*, 66 Cal.2d 606, 614-615 [58 Cal.Rptr. 579, 427 P.2d 179].) ■ In order to establish a waiver of counsel, the record must show that the defendant was informed of his right to counsel or that he knew of his right and intelligently and knowingly waived it. (*People* v. *Harris*, 67 Cal.2d 866, 869 [64 Cal.Rptr. 313, 434 P.2d 609].) ■ Although these constitutional demands were not completely articulated in 1952, they are fully retroactive. (*In re Woods, supra,* 64 Cal.2d at pp. 5-6.)

■ The minutes of the Oakland-Piedmont Judicial District show that on December 10, 1952, petitioner appeared before Municipal Judge Edward J. Smith; that he was

"instructed;" that he entered a plea of guilty and was sentenced to serve 180 days in the county jail. The entry closes with the phrase: "No attorney of record."

Although verified declarations describing the arraigning judge's standard practices have been submitted (see *In re Johnson,* 62 Cal.2d 325, 331 [42 Cal.Rptr. 228, 398 P.2d 420]), these declarations fall short of demonstrating that the judge habitually offered counsel to misdemeanor defendants. The court is satisfied, nevertheless, that petitioner had independent knowledge of the availability of the public defender to defend him at his request. In his petition and traverse, petitioner alleges the judge's failure to advise him of his right to counsel, but nowhere states that he himself was ignorant of the availability of publicly supplied counsel. ▮ A defendant who challenges his prior conviction on habeas corpus has the burden of making adequate allegations of nonrepresentation or nonwaiver. (*People* v. *Coffey,* 67 Cal.2d 204, 215 [60 Cal.Rptr. 457, 430 P.2d 15]; *People* v. *Merriam,* 66 Cal.2d 390, 397 [58 Cal.Rptr. 1, 426 P.2d 161]; *People* v. *Pineda,* 253 Cal.App.2d 443, 479 [61 Cal.Rptr. 144]; see also *In re Smiley, supra,* 66 Cal.2d at pp. 617-618.) ▮ Petitioner's failure to allege ignorance of his right to counsel is a significant factor.

The Attorney General points out that petitioner's record includes six criminal convictions preceding the December 1952 narcotics charge, some in San Francisco, some in Oakland. One of these, like the narcotics conviction, occurred in the Oakland-Piedmont Municipal Court. In July 1952, approximately five months before the offense in issue, he appeared before that court represented by the public defender of Alameda County and entered a plea of guilty to a petty theft charge. A request book was available for county jail inmates who wished to see the public defender.

From petitioner's representation by the public defender on a recent misdemeanor charge in the same court and from his failure to allege his own ignorance, the court draws the inference that before his plea of guilty petitioner had independent knowledge of the availability of publicly supplied legal counsel. ▮ Nevertheless, his waiver of counsel was not effective unless it was intelligent and knowing. (*In re Smiley, supra,* 66 Cal.2d at p. 621.) ▮ The courts indulge in every reasonable presumption against the waiver; it will not be presumed from a silent record; a plea of guilty is not the equivalent of an intelligent and knowing waiver. (*In re*

*Smiley, supra,* 66 Cal.2d at p. 621; *In re Johnson, supra,* 62 Cal.2d at pp. 333-334.)

 Ascertainment of an intelligent waiver of counsel requires inquiry into the particular circumstances of the case, including the background, experience and conduct of the accused; the central question is whether the accused understands the nature and effect of his waiver in terms of the offense charged against him, the possible defenses and possible punishment. (*In re Johnson, supra,* 62 Cal.2d at p. 335.)

 When the validity of a prior conviction depends upon the effectiveness of the waiver, an evidentiary hearing may be necessary. (*In re Woods, supra,* 64 Cal.2d at pp. 9-11.)

That kind of hearing is not necessary here. From the information available, including petitioner's extensive criminal record, it might be possible to conclude that he was aware of the nature of the charge against him. No such conclusion can be drawn as to the possible defenses. In 1952 he stood charged with a violation of Health and Safety Code section 11721, which at that time declared: "No person shall unlawfully use or be addicted to the unlawful use of narcotics." Ten years later, in 1962, the federal Supreme Court invalidated that portion of section 11721 which prohibited addiction, holding that it imposed cruel and unusual punishment of a status or sickness. (*Robinson* v. *California,* 370 U.S. 660 [8 L.Ed.2d 758, 82 S.Ct. 1417].)

Although the 1952 misdemeanor complaint against petitioner is unavailable, the verified declaration of a member of the Alameda County District Attorney's staff states that the standard practice in charging violations of section 11721 in 1952 was to plead use and addiction in the conjunctive. The 1952 arrest reports show that petitioner was arrested in Oakland while fleeing with some shoplifted merchandise; that in flight he dropped a package containing an eyedropper and hypodermic needle; that he had a teaspoon with burn marks in his pocket; that he had a needle scar on his left arm; that he admitted having a shot in the arm about six days earlier.

An attorney could have advised petitioner to plead innocent and put the prosecution to its proof; could have advised him of three possibilities: first, that a fact finder might refuse to find addiction on the basis of evidence of one injection six days earlier; second, that the prosecution would be required to prove addiction or use within Alameda County (*People* v. *Garcia,* 122 Cal.App.2d Supp. 962 [266 P.2d 233]); third, that the scar on his arm and his admission that he had a shot

six days earlier might be inadequate to prove either addiction or use within Alameda County. (*People* v. *Garcia, supra.*) Quite aside from the defense unveiled a decade later by *Robinson,* petitioner had no adequate knowledge of the possible defenses available to him. His waiver of counsel was not intelligent and knowing. His misdemeanor conviction was thus invalid.

In view of this conclusion, it is unnecessary to consider petitioner's contention that the *Robinson* decision requires nullification of his 1952 misdemeanor conviction. (See, however, *In re Carlson,* 64 Cal.2d 70 [48 Cal.Rptr. 875, 410 P.2d 379].)

In 1958 the penalties for violating Health and Safety Code section 11500 were prescribed by section 11713 of the same code. The latter called for a state prison sentence of 10 years to life where the defendant had a prior narcotics conviction; in the absence of such a prior conviction, it permitted alternative penalties of not more than one year in the county jail or five years to life in the state prison.[1] The invalidity of petitioner's 1952 misdemeanor conviction removes the only narcotics "prior" affecting his 1958 sentence. Thus his sentence must be redetermined in accordance with the terms of law as it read in 1958.

The writ is granted with the following directions: The Director of Corrections is ordered to cause petitioner's appearance before the Superior Court in and for the City and County of San Francisco for resentencing and, for the court's guidance, to certify to the court what amount of time petitioner is to have credited toward the periods of custody specified by Health and Safety Code section 11713 as it read in 1958. (See Pen. Code, § 2900.1.) With respect to the three counts of which petitioner has been found guilty, the court is

---

[1]Statutes, 1954 First Extraordinary Session, chapter 12 amended Health and Safety Code section 11713 to read as follows:

"11713. Any person convicted under this division for transporting, selling, furnishing, administering, or giving away, or offering to transport, sell, furnish, administer, or give away, any narcotic, shall be punished by imprisonment in the county jail for not more than one year, or in the state prison from five years to life.

"If such a person has been previously convicted of any offense described in this division or has been previously convicted of any offense under the laws of any other state or of the United States which if committed in this State would have been punishable as an offense described in this division, the previous conviction shall be charged in the indictment or information and if found to be true by the jury, upon a jury trial, or if found to be true by the court, upon a court trial, or is admitted by the defendant, he shall be imprisoned in a state prison from 10 years to life."

directed to determine whether to impose the county jail terms or the prison terms fixed by that statute for first offenders in 1958, to impose said terms either consecutively or concurrently and either to free petitioner or return him to the custody of the Department of Corrections.

Regan, J., and Janes, J., concurred.