[Crim. No. 24086. Dec. 23, 1985.]

In re KEVIN, G., a Minor.
THE PEOPLE, Plaintiff and Appellant, v.
KEVIN G., Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, James T. McNally and Ruth M. Saavedra, Deputy Attorneys General, for Plaintiff and Appellant.

Robert L. Walker, under appointment by the Supreme Court, and Roger Harden Spaulding, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

**BROUSSARD, J.**—We have considered the issues raised by the petition, and after reviewing the briefs and hearing oral argument we have concluded that the case was correctly resolved in the opinion written by Justice Woolpert for the Court of Appeal. That opinion is hereby adopted as the opinion of this court:

"The People appeal from a determination by the trial court that a prior juvenile adjudication for driving under the influence of alcohol was constitutionally infirm. The issue presented is simply whether a juvenile accused of a misdemeanor who elects to proceed informally before a traffic hearing officer is entitled to appointed counsel. We agree with the trial court that a juvenile has that right and did not waive it here.

"On September 13, 1983, Kevin G. moved to have a juvenile driving under the influence adjudication declared unconstitutional. The court granted the motion, finding 'the minor was not fully informed of his constitutional and statutory rights prior to entry of his plea . . . .'

"The original conviction was entered on May 6, 1981. At that time the minor had signed a juvenile traffic waiver of rights form. The form was also signed by one of his parents, as well as the traffic hearing officer. Pertinent to the question on appeal, the form stated:

" 'I freely and voluntarily waive my rights to a hearing by the Juvenile Court, . . . and I waive my rights to be represented by an attorney.

" '
. . . . . . . . . . . . . . . . . . . . . . . .

" 'DO NOT SIGN THIS STATEMENT UNLESS YOU FULLY UNDERSTAND YOUR RIGHTS WHICH ARE STATED ON THE REVERSE SIDE.

" ' . . . . . . . . . . . . . . . . . . . . . . . . .

" '*Right to Attorney*: You have a right to be represented by counsel at all stages of your hearing, including this informal hearing.

" 'If this matter is heard by the Juvenile Court, you have the right to have an attorney appointed to represent you if you do not have the money to hire one. You may be required to pay part or all of this fee if you have any present ability to pay.'

"The People contend the minor was not entitled to appointed counsel in his hearing before the traffic hearing officer. Their argument proceeds as follows: In making the election to proceed before a traffic hearing officer, a minor *elects* to have his misdemeanor procedurally 'treated as an infraction.' His rights become those of one accused of an infraction. In infraction proceedings there is no right to court-appointed counsel. (Pen. Code, § 19c; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 302, fn. 13 [110 Cal.Rptr. 329, 515 P.2d 273].)

"In his brief and at the hearing, respondent complained that because he was charged with a misdemeanor he had the right to appointed counsel for the informal hearing before the traffic hearing officer and, not being so advised, did not waive that right. We need not address other arguments seeking the same relief.

"An initial resort to the statutes is of no avail in resolving this issue. Nothing in the statutory scheme creating the traffic hearing officer and outlining his powers and duties suggests that the minor forfeits rights in having his case heard by a traffic hearing officer rather than the juvenile court. (Welf. & Inst. Code, §§ 255-263.)

█ "Violation of Vehicle Code section 23102, subdivision (a) (now Veh. Code, § 23152), is a misdemeanor. (Veh. Code, § 40000.15.) The People do not contend that having the matter heard before a traffic hearing officer transformed it into an infraction, and properly so. The fact that the charge could not be punished by incarceration will not transform the charge into an infraction. (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 766 [150 Cal.Rptr. 785, 587 P.2d 227]; see also *In re Ronald E.* (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684].) A court may not replace misdemeanor charges with infraction charges merely to avoid according the accused his constitutional rights. (*People* v. *Bowden* (1978) 86 Cal.App.3d Supp. 1, 6 [150 Cal.Rptr. 633]; see also *People* v. *Shults* (1978) 87 Cal.App.3d 101, 107 [150 Cal.Rptr. 747].)

"The charge was, and remained, a misdemeanor. ■ Misdemeanant defendants are entitled to the assistance of court-appointed counsel. (*Tracy* v. *Municipal Court, supra,* 22 Cal.3d at p. 766; *In re Kathy P.* (1979) 25 Cal.3d 91, 103 [157 Cal.Rptr. 874, 599 P.2d 65].) In infraction proceedings, the right to appointed counsel is denied. (*Kathy P., supra,* at p. 103.) The People's contention appears to deprive the minor of the right to appointed counsel, not upon the basis of the seriousness of the charge, but on the basis of the forum selected by the minor. ■ The right of an accused misdemeanant to counsel attaches even in 'inferior courts.' (*In re Lopez* (1970) 2 Cal.3d 141, 146 [84 Cal.Rptr. 361, 465 P.2d 257]; *In re Render* (1969) 271 Cal.App.2d 423; 425 [76 Cal.Rptr. 522]; *In re Johnson* (1965) 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420].) Inferior courts include justice and police courts. (*Johnson, supra,* at p. 329; *In re McCoy* (1948) 32 Cal.2d 73, 75-76 [194 P.2d 531]; *In re Jingles* (1946) 27 Cal.2d 496, 498 [165 P.2d 12].) Assuming the traffic hearing officer is hearing a misdemeanor rather than an infraction, the right to appointed counsel applies unless waived.

■ "For an effective waiver of a fundamental constitutional right, 'an express, knowing and intelligent waiver' must appear in the record. (*Rodriguez* v. *Municipal Court* (1972) 25 Cal.App.3d 521, 525 [102 Cal.Rptr. 45].) Here the minor was informed that the right to an appointed attorney was attendant upon the case being heard by the juvenile court. He was not informed that as a misdemeanant accused he had the right to appointed counsel, regardless of the forum. Therefore he could not intelligently waive his misdemeanant right to appointed counsel as he did not know he had such a right. Nor can we imply such a waiver. (*Ibid.*)

"Further, it does not appear that public policy, engendered by the necessity to expedite adjudication of the massive numbers of juvenile traffic citation cases, requires that we find movant had no right to appointed counsel before the traffic hearing officer. (See *In re Kathy P., supra,* 25 Cal.3d at p. 99, including fn. 8.) 'Advising as to rights need not materially encumber or delay a traffic proceeding.' (*Id.,* at p. 102, fn. 12.) The goal in establishing the informal traffic hearing officer proceedings was the fair and efficient handling of the cases. (*Id.,* at p. 98.) Impairment of constitutional rights, however, will not be suffered in return for efficiency. (*Mills* v. *Municipal Court, supra,* 10 Cal.3d at p. 307.)

"In this case the waiver form is deficient. Instead of merely advising of the right to appointed counsel 'if heard by the juvenile court,' additional language would have made the waiver clear: 'or the Traffic Hearing Officer if charged with a misdemeanor traffic offense.' If, as the People contend, the matter is to be 'treated as an infraction,' the form waiver does not do

so in lay language, if it does so at all. On its face the form states the admission is to '23102A CVC,' a misdemeanor.

"The delay in seeking to set aside the prior was not of the significance discussed in *In re Ronald E., supra*, 19 Cal.3d 315, 321. If there were factual questions arising from delay, they were for the trial court. On this appeal we have been presented no basis for upsetting the court's judgment."

We note that nothing in our opinion prevents a county from establishing an informal system for the adjudication of juvenile traffic infractions in which minors are not represented by counsel. Although a minor charged with a misdemeanor instead of an infraction has a right to counsel, he could waive that right and choose to proceed under such an informal system.

Under the Merced County procedure at issue here, however, respondent was informed that he had the right to counsel "at all stages of the hearing," including the informal hearing before the traffic hearing officer, but that he had a right to appointed counsel only "[i]f this matter is heard by the Juvenile Court." From this admonition we infer that Merced County does not have an informal adjudication procedure which dispenses with representation by counsel; it has a system in which a minor can be represented by an attorney only if he can afford to retain one. The indigent minor must elect to proceed in juvenile court before he can obtain appointed counsel.[1]

We were advised at oral argument, moreover, that when a minor elects to have his case heard before the juvenile court instead of a traffic hearing officer in order to secure the appointment of counsel, the county files a petition for wardship under Welfare and Institutions Code section 602.[2] Such a petition could result in the imposition of restrictions or punishment beyond those which the traffic hearing officer has the authority to impose.[3] The Merced County procedure thus penalizes the indigent minor who invokes his constitutional right to appointed counsel.

The dissenting opinion does not address the violation of constitutional principles involved in this procedure. Focusing on the desirability of an

---

[1] The dissenting opinion draws an analogy to small claims court proceedings. In small claims court, however, appointed and retained counsel are excluded by statute (Code Civ. Proc., § 117.4); there is no discrimination against indigent litigants.

[2] Welfare and Institutions Code section 257 gives a county the option to conduct a juvenile court hearing on a traffic offense on the basis of the notice of violation without the filing of a petition for wardship, but apparently Merced County does not follow that procedure.

[3] The traffic hearing officer may request the probation officer to commence a wardship proceeding. (Welf. & Inst. Code, § 258.) The juvenile court judge has the same authority in an informal proceeding conducted pursuant to section 257. (See fn. 2, *ante.*) The Merced County procedure at issue here, however, involves a wardship proceeding in all juvenile court cases.

informal adjudicatory system unencumbered by counsel, it overlooks the fact that the system before us actually permits representation by retained counsel before the traffic hearing officer, but provides for appointment of counsel only in a juvenile court wardship proceeding.

In sum, a minor charged with a traffic misdemeanor has a right to counsel, including a right to appointed counsel if he cannot afford to retain counsel. Respondent, however, was told that he could have counsel appointed to represent him only if he elected to proceed in juvenile court where he would be subject to greater penalties. His decision under these circumstances to forego counsel and have his case heard by the traffic hearing officer is not a valid waiver of the right to counsel, and the resulting conviction is constitutionally infirm.

The judgment is affirmed.

Bird, C. J., Reynoso, J., Grodin, J., and Kaus, J.,* concurred.

Lucas, J., concurred in the judgment only.

**MOSK, J.**—I dissent.

The majority rather cavalierly assume that their result will place no significant burden on the informal traffic hearing officer system. That, I fear, is wishful thinking. It would seem that every knowledgeable juvenile will now demand counsel before the hearing officer when he is indigent—few juveniles have independent resources—and when the public is required to pay for an appointed attorney.

A series of cases beginning with *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], has substantially transformed juvenile courts into criminal courts, contrary to the intent behind the original creation of special agencies and tribunals designed to channel youngsters into constructive pursuits. Now my colleagues extend the criminal adversary procedure still further to juvenile traffic hearings, contrary to the legislative intent to authorize expeditious disposition of such relatively trivial matters.

The juvenile traffic hearing officer system was enacted by the Legislature in 1961 (Stats. 1961, ch. 1616, § 2, pp. 3467-3468; Welf. & Inst. Code, §§ 255-258, 260-262, formerly §§ 561-567) in response to "[a] monumental processing problem [that] ha[d] been created because more than 100,000

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

traffic citations are issued annually to minors [, with the result that] juvenile courts have been forced to adopt various alternative methods for adjudicating such cases; otherwise traffic cases would overwhelm juvenile court calendars." (Governor's Special Study Com. on Juvenile Justice, pt. II—A Study of the Administration of Juvenile Justice in Cal. (1960) p. 29; see *In re Kathy P.* (1979) 25 Cal.3d 91, 99 & fn. 8 [157 Cal.Rptr. 874, 599 P.2d 65].)

There is no question that under California Constitution, article I, section 15, and Penal Code section 686, the right to court-appointed counsel is guaranteed to indigent defendants in all misdemeanor cases. (*In re Kathy P., supra,* 25 Cal.3d 91, 103; *Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 766 [150 Cal.Rptr. 785, 587 P.2d 227]; *Mills* v. *Municipal Court* (1973) 10 Cal.3d 288, 301 [110 Cal.Rptr. 329, 515 P.2d 273]; *In re Lopez* (1970) 2 Cal.3d 141, 146 [84 Cal.Rptr. 361, 465 P.2d 257]; *In re Johnson* (1965) 62 Cal.2d 325, 329 [42 Cal.Rptr. 228, 398 P.2d 420].) This right attaches in all misdemeanor proceedings, even where the offense may be characterized as "petty" or "minor" (*Tracy* v. *Municipal Court, supra,* 22 Cal.3d at p. 763 [possession of less than one ounce of marijuana; maximum fine $100]; *Blake* v. *Municipal Court* (1966) 242 Cal.App.2d 731, 735 [51 Cal.Rptr. 771] [speeding ticket; maximum punishment $50 fine or five days in jail]), and even where imprisonment is not a possible punishment for the offense (see, *Tracy* v. *Municipal Court, supra,* 22 Cal.3d at p. 766; see also, *Mills* v. *Municipal Court, supra,* 10 Cal.3d at p. 301). In infraction proceedings, by contrast, the right to court-appointed counsel is denied by statute. (Pen. Code, § 19c; see *Mills* v. *Municipal Court, supra,* 10 Cal.3d at p. 302, fn. 13.)

The minor here asserts, and the Attorney General concedes, that indigent juveniles charged with misdemeanor traffic offenses are entitled to the assistance of court-appointed counsel. The minor further asserts that he could not be deprived of his right to court-appointed counsel based on the forum selected—here, juvenile traffic court. He relies on *In re Lopez, supra,* 2 Cal.3d at pages 145-146, and *In re Johnson, supra,* 62 Cal.2d at page 329, in which we held that the right to court-appointed counsel is equally guaranteed to misdemeanor defendants in "inferior courts."

The minor is correct that the nature of juvenile traffic court as an "inferior court" does not insulate it from the requirement that court-appointed counsel be available to indigents accused of misdemeanors. However, in neither of the "inferior court" cases relied on by the minor was the defendant given the option of proceeding in a *different* forum in which court-appointed counsel *was* available. The present case is therefore distinguishable from *Lopez* and *Johnson* in that the minor here was not deprived of his right to counsel,

but was simply required to exercise it in another forum. By framing the choice to proceed in one forum rather than another the county did not deprive the minor of his constitutional right to counsel.

A similar channeling of the right to counsel occurs in the civil context in small claims court, in which attorneys are barred by statute from taking "any part in the filing or the prosecution or defense" of a case in that court. (Code Civ. Proc., § 117.4.) When this statutory bar was challenged on the ground that the denial of counsel violated due process, the court in *Prudential Ins. Co.* v. *Small Claims Court* (1946) 76 Cal.App.2d 379 [173 P.2d 38], responded: "There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. [Citations.] But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding. It is obvious that the plaintiff cannot object, although he has no right of appeal, because he has elected to commence the action in the small claims court. If he desires an attorney he can sue, even on these small claims, in the justices or municipal courts. The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial *de novo*. [Citations.] In that court he and the plaintiff can, of course, appear by counsel. This satisfies the due process requirement." (*Id.* at p. 382; accord, *Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661, 665-666 [105 Cal.Rptr. 785, 504 P.2d 1249].)

Similarly in the context of juvenile traffic court, the minor was given the choice of proceeding in an informal forum without court-appointed counsel, or in a more formal forum where counsel would be appointed to represent him.

We should not ignore the county's interest in maintaining an informal forum for swift and inexpensive disposition of the massive numbers of juvenile traffic cases that confront the court system each year. The purpose of the statutory scheme creating the juvenile traffic hearing officer system was, in fact, to promote a "uniform and expeditious method of handling traffic cases in juvenile court" by providing for the handling of "all but the most serious juvenile traffic violations in juvenile court and for the processing of such cases on the basis of citations rather than the filing of juvenile court petitions." (*In re Conley* (1966) 244 Cal.App.2d 755, 761 [53 Cal.Rptr. 321].) As we noted in *In re Kathy P.,* " 'the prosecution, the court system, and ultimately the public benefit because judicial and law enforcement resources are freed to concentrate on serious criminal behav-

ior.'" (25 Cal.3d at p. 99, quoting *In re Dennis B.* (1976) 18 Cal.3d 687, 695 [135 Cal.Rptr. 82, 557 P.2d 514].)

We have allowed for reasonable flexibility in the manner in which misdemeanant accuseds are advised of their right to counsel. For instance, rather than requiring each defendant to be individually informed of his right to court-appointed counsel, we have approved a procedure in which the trial judge "collectively advises all defendants in the courtroom of their constitutional rights, and then prefaces the arraignment of each defendant with an inquiry to ensure that the defendant heard and understood the general statement." (*Mills* v. *Municipal Court, supra,* 10 Cal.3d at p. 307, citing *In re Johnson, supra,* 62 Cal.2d at pp. 332-333 & fn. 5.) In *Johnson* we explained the need for flexibility in the handling of misdemeanor traffic offenses: "While there can be no impairment of the fundamental constitutional rights of any defendant, however minor his crime, in certain situations there may be a choice of valid ways to implement these rights. Where such is the case—and constitutional rights are respected—the convenience of the parties and the court should be given considerable weight. . . . Compliance with the spirit of the constitutional mandate that an intelligent waiver of counsel must affirmatively appear in the record may be efficiently achieved in such cases in a variety of acceptable ways." (*In re Johnson, supra,* 62 Cal.2d at p. 336; accord, *Mills* v. *Municipal Court, supra,* 10 Cal.3d at p. 303.)

Likewise, in the present context there may be a choice of valid ways to implement the right to counsel in juvenile traffic cases. Merced County has complied with the spirit of the constitutional mandate by offering court-appointed counsel to indigent minors in juvenile court, though not in juvenile traffic court, and allowing them to transfer between the two forums in order to obtain assistance of counsel.

I would reverse the judgment, thus restoring the 1981 charge to which Kevin pleaded guilty.