[No. D040018. Fourth Dist., Div. One. Sept. 15, 2003.]

In re K.S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
K.S., Defendant and Appellant.

[black redacted block]
[black redacted block]
[black redacted block]

## COUNSEL

Law Offices of James J. Warner, James J. Warner and James S. Brasher for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Peter Quon, Jr., and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, Acting P. J.**—In this case K.S. (Philip), a 16-year old, was found to have violated the Poway juvenile curfew ordinance (the ordinance) (Poway Mun. Code, § 9.24.010 et seq.) and fined $20. Philip appealed to this court, contending the ordinance is unconstitutionally overbroad and vague, and that insufficient evidence supports the juvenile hearing officer's finding he violated the ordinance. We asked the parties for supplemental briefs addressing the question of whether Welfare and Institutions Code[1] section 800 provides Philip the right to appeal to this court. After reviewing the supplemental briefing and pertinent law, we conclude the matter is not appealable and this appeal must be dismissed.

---

[1] All statutory references are to the Welfare and Institutions Code.

## BACKGROUND

Philip was arrested and detained for curfew violation on November 1, 2001, while traveling in Poway accompanied by a 21-year-old relative in a car driven by a friend who was stopped for speeding after 11:00 p.m. The arresting officer filed an affidavit and application for filing of a juvenile court petition, alleging Philip came under the provisions of sections 601 and 602. No petition under either section ever issued or was filed with the juvenile court. Rather the matter proceeded by way of citation to Department 11 of the Informal Juvenile and Traffic Court for hearing before a juvenile hearing officer.

Before the informal hearing on the citation, Philip's retained counsel filed a motion to dismiss the citation, challenging the constitutionality of the ordinance. At the hearing, the court denied the motion and heard testimony from the arresting officer. Thereafter, the court denied another motion to dismiss the citation, this time brought on grounds no violation of the ordinance had been shown because Philip had been with a responsible adult at least 21 years of age at the time of his arrest. The court denied the motion.

Philip, his 21-year-old relative, and his father all testified on Philip's behalf. At the conclusion of the testimony, Philip's counsel argued there was no violation of the ordinance because Philip had been with a responsible adult, 21 years of age or older, which was an exception to the ordinance. In addition, counsel argued that Philip was on his way home from an event that fell under an exception to the ordinance and was also in a car driven by a person on an errand for his parents (the driver was going to Blockbuster to pick up a video for his parents) which is another exception to the ordinance.

The court, however, did not believe the activity (car show in a parking lot) qualified as an exception to the ordinance or that the carte blanche permission described by the father was the type to qualify the 21-year-old relative as a "responsible adult" under the ordinance. After noting that no one in the car stopped for speeding was acting responsibly, the court found the allegations of the citation to be true beyond a reasonable doubt and ordered Philip to pay a $20 fine. The court granted Philip's counsel's request for a stay on the fine to take an appeal on the constitutionality issue.

## DISCUSSION

As noted above, Philip appealed the matter to this court and we requested supplemental briefing on whether Philip has a right to appeal to this court. As the People note in their supplemental briefing, it is well settled "that the right of appeal is statutory and that a judgment or order is not appealable unless

expressly made so by statute. [Citations.] The orders, judgments and decrees of a juvenile court which are appealable are restricted to those enumerated in section 800 . . . ." (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People v. Green* (1980) 27 Cal.3d 1, 33–34 [164 Cal.Rptr. 1, 609 P.2d 468].)

Section 800, subdivision (a), authorizes an appeal from "[a] judgment in a proceeding under Section 601 or 602 . . . in the same manner as any final judgment, and any subsequent order may be appealed from . . . as from an order after judgment." Further, "[a] judgment or subsequent order entered by a referee shall become appealable whenever proceedings pursuant to Section 252, 253, or 254 have become completed or, if proceedings pursuant to Section 252, 253, or 254 are not initiated, when the time for initiating the proceeding has expired." (§ 800, subd. (a).) Subdivision (b) of section 800 provides certain instances where the People may appeal from a juvenile court judgment or order, and subdivision (c) "pertains solely to the scope of the appellate review which *the People* may obtain of an order granting probation with or without wardship." (*In re Do Kyung K.* (2001) 88 Cal.App.4th 583, 589 [106 Cal.Rptr.2d 31].)

▮ Further, sections 252, 253 and 254 set forth the procedures for rehearing by a juvenile court judge of a written order and findings of a referee who is appointed to hear cases pursuant to sections 247 and 248. A juvenile hearing officer, on the other hand, is appointed under section 255 and has the powers designated under sections 256 through 258 to hear and resolve matters, such as curfew violations. All orders of a juvenile hearing officer are effective immediately (§ 261) and section 262 provides for review of these orders by a juvenile court judge or a rehearing by the juvenile hearing officer via a motion to set aside or modify. (§ 262.)

Although a denial of a motion for rehearing (to set aside or modify) under section 262 was formerly appealable under section 800, that section was amended in 1990 to delete the provision that the denial of a motion made under section 262 is appealable. (Stats. 1990, ch. 482, § 1, pp. 2685–2686.)

Philip has not shown his proceeding before the juvenile hearing officer was conducted under sections 252 through 254, or 601/602, which would then give him the right to appeal to this court. Because the Legislature deleted the right to appeal to this court from a proceeding brought before a juvenile hearing officer under sections 255 through 262, section 800 provides no authority for Philip's appeal. Rather, Philip's remedy was to request a rehearing via a motion to set aside before a juvenile court judge. (§ 262.) That he did not do so does not now confer upon him a right to appeal to this court.

Philip's reliance on various cases cited in his supplemental briefing for a finding of appealability is unfounded. Each case either predated the amendment of section 800, which deleted his right to appeal, or was a case in which a section 601 or 602 petition was filed and the disposition based upon section 601 and 602 findings was probation without wardship or informal juvenile supervision in lieu of wardship pursuant to specific legislation not applicable to Philip. (See *In re Kevin G.* (1985) 40 Cal.3d 644 [221 Cal.Rptr. 146, 709 P.2d 1315]; *In re Kathy P.* (1979) 25 Cal.3d 91 [157 Cal.Rptr. 874, 599 P.2d 65]; *Richard M. v. Superior Court* (1971) 4 Cal.3d 370 [93 Cal.Rptr. 752, 482 P.2d 664]; *In re Do Kyung K., supra,* 88 Cal.App.4th 583; *In re Adam R.* (1997) 57 Cal.App.4th 348 [67 Cal.Rptr.2d 76]; *Mark F. v. Superior Court* (1987) 189 Cal.App.3d 206 [234 Cal.Rptr. 388]; *In re F.E.* (1977) 67 Cal.App.3d 222 [136 Cal.Rptr. 547]; *In re Ruth H.* (1972) 26 Cal.App.3d 77 [102 Cal.Rptr. 534].)

■ In sum, because the record reflects Philip appeared in the Informal Juvenile and Traffic Court on a citation for a violation of the ordinance, not on a petition under either section 601 or 602, or before a referee pursuant to sections 247 through 254, and was found guilty by a juvenile hearing officer of violating that citation and fined without being put on probation or made a ward of the court, section 800 does not provide Philip the right to appeal to this court. Therefore, Philip's appeal must be dismissed.[2]

## DISPOSITION

The appeal is dismissed.

Nares, J., and Haller, J., concurred.

---

[2] At oral argument Philip requested that we treat his appeal as a petition for writ of mandate if we determine the order in this case is not appealable. We decline to treat this appeal as a petition for extraordinary writ.