[Civ. No. 42761. Second Dist., Div. Four. Aug. 27, 1974.]

RAYMOND C. LARSON, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE GLENDALE JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim, Arnold T. Guminski and Barry R. Levy, Deputy District Attorneys, for Real Party in Interest and Appellant.

No appearance for Defendant and Respondent.

Edwards, Edwards & Ashton and J. Michael Flanagan for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—The People appeal from a judgment of the superior court granting a writ of prohibition barring respondent municipal court from proceeding with a misdemeanor prosecution of petitioner. For the reasons hereinafter set forth, we modify the judgment and affirm it as modified.

Subdivision (b) of section 17 of the Penal Code sets forth, in separately numbered paragraphs, five situations in which an offense, normally a felony, may become a misdemeanor. All of the situations involve offenses which may be punishable, "in the discretion of the court either by imprisonment in the state prison or by fine or imprisonment in the county jail."

The issue in the case at bench is the validity of the provision in paragraph (5) of subdivision (b) of section 17 of the Penal Code which requires the consent of the defendant to an order of a committing magistrate reducing a felony offense to a misdemeanor. We conclude that the provision is valid and enforceable.

On October 4, 1972, the People filed, in respondent court, a complaint (M-42482) charging petitioner with a misdemeanor in violation of section 459 (burglary) of the Penal Code, and with petty theft (a misdemeanor) in violation of section 484, subdivision (a).[1] That action was taken pur-

---

[1]The theft was alleged to have been of property "of a value not exceeding Two Hundred Dollars," thus bringing the charge within the definition of petty theft (Pen. Code, §§ 487 and 488).

The burglary was charged as involving a store building. Since it was not alleged that it occurred at night nor that defendant was armed, the charge was of second degree burglary—an offense within the scope of subdivision (b) of section 17 (Pen. Code, § 461).

suant to paragraph (4) of subdivision (b) of section 17 of the Penal Code, which paragraph provides that an offense within the scope of the subdivision "is a misdemeanor for all purposes":

".   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint."

On October 11, 1972, petitioner appeared in respondent court for arraignment on that complaint. He duly objected to having the burglary charge treated as a misdemeanor. His objection was recognized; proceedings on the original complaint were suspended and defendant was ordered to appear on October 13, 1972, for arraignment on a new felony complaint charging a violation of section 459. Pursuant to that action, a felony complaint (A-584248) was duly filed, charging defendant with the same burglary but as a felony. The felony complaint did not join the petty theft count included in the original misdemeanor complaint.

On October 13, 1972, defendant appeared in respondent court and was duly arraigned on the felony complaint.

On October 24, 1972, a preliminary examination was held in respondent court on the felony complaint. At the conclusion of that hearing, the magistrate dismissed the felony complaint and ordered that the case proceed as a misdemeanor, on the original misdemeanor complaint. Defendant objected to that action, relying on paragraph (5) of subdivision (b) of section 17 of the Penal Code, which paragraph applies subdivision (b): "(5) When, at or before the preliminary examination and with the consent of the prosecuting attorney *and the defendant,* the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)

Petitioner's objection was overruled and he was rearraigned on the original misdemeanor complaint. He sought, in the superior court, a writ of prohibition to restrain further action on the misdemeanor complaint. That writ issued; the People have appealed.

In *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140], the Supreme Court, on the authority of *People* v.

*Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], held that the provision in paragraph (5) requiring the consent of the prosecuting attorney was unconstitutional as violative of the concept of separation of powers. The People contend that the same result should follow as to requirement that defendant consent. We disagree.

We are directed to no case squarely in point and our research has found none. The People rely on dicta in *People* v. *Navarro* (1972) 7 Cal.3d 248, 264-265 [102 Cal.Rptr. 137, 497 P.2d 481]. In that case, the Supreme Court, relying on *Tenorio* and *Esteybar*, held unconstitutional the provision in sections 3051 and 3052 of the Welfare and Institutions Code that required, under certain circumstances, the consent of the prosecuting attorney for a commitment of a defendant to the Narcotic Rehabilitation Program. In determinating that that requirement was unconstitutional and severable, the court also remarked: "The same legislative policy in favor of commitments to the treatment program, however, also leads us to hold that the language of the amendment purporting to require the *defendant's concurrence* is not severable from the provision for district attorney concurrence and hence must fall therewith. The entire statutory scheme manifests the Legislature's intent that a defendant's lack of desire for, or lack of cooperation with, the treatment program should not defeat his commitment. Commitment to this program is not consensual but involuntary, although by civil process. (See generally *In re De La O, supra,* 59 Cal.2d 128, 135-145, 148-149 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705].) We cannot believe the Legislature would have adopted the provision for the defendant's concurrence in section 3051 (and § 3050) had it foreseen the invalidity of the requirement of district attorney concurrence, which we now declare." (*People* v. *Navarro, supra,* 7 Cal.3d at pp. 264-265.) (Italics in original.)

The argument is not persuasive. The reasons for eliminating a requirement that a defendant consent to a rehabilitative program, instituted primarily for the benefit of society and only incidentally for his own benefit, are not applicable when we are faced with the requirement that defendant consent to the elimination of substantial procedural advantages.

A consideration of the entire statutory theme, as set forth in paragraphs (4) and (5) of subdivision (b) of section 17, discloses the following procedural result: If a criminal case proceeds as a felony, whether because originally charged as such or because (as here) it has been converted into a felony case by reason of defendant's objection under paragraph (4), the defendant secures, as of right, a three-stage, and relatively speedy, determination of the factual basis for the charge. He has a preliminary hearing

before a magistrate under section 859 et seq. of the Penal Code; an adverse determination by the magistrate is reviewable in the superior court, prior to trial, by a motion under section 995 of the Penal Code; and an adverse determination in the superior court is reviewable in this court, and again prior to trial, by a petition under section 999a of the Penal Code.[2] On the other hand, if the case proceeds as a misdemeanor, the defendant can review an adverse determination in the municipal court only after a trial, by appeal to the superior court, whose determination will ordinarily be final.[3] The actual effect of paragraph (5), if the People are here correct, will be to give a defendant the first stage of the felony tri-parte procedure; it will deny to him the second and third stages. We conclude that the advantage to a defendant of the speedier review of a municipal court-magisterial determination, by two, perhaps three, levels of judicial authority is of enough importance that he cannot be deprived thereof over his objection.[4]

■ Although not argued in the briefs, the proceedings in respondent court contain other errors of which we must take cognizance. When defendant originally objected, in respondent court, to being tried as a misdemeanant on the burglary count, the court, as we have stated above, suspended proceedings on the misdemeanor complaint (M-42482) and ordered the filing of a new felony complaint (A-584248). That action did not comport with the statutory direction, which is that "the [misdemeanor] complaint shall be amended to charge the felony and the case shall proceed on the felony complaint." Secondly, when the magistrate decided to reduce the new felony complaint to a misdemeanor complaint, his order was to dismiss the new felony complaint and to resume proceedings under the original misdemeanor complaint. Again that did not comport with the statutory direction, which is that "the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

As the case now stands, there is no felony complaint as a result of those two errors; there is on file, timely filed, a complaint which could, under Penal Code section 461, be amended to charge a felonious burglary.

---

[2]He may also secure a discretionary fourth stage review by petition for hearing in the Supreme Court after an adverse decision in this court.

[3]Certification or transfer to this court after a decision in the superior court on appeal from a municipal court is discretionary and not a matter of right. That discretion is exercised with discrimination and few cases involving only the sufficiency of evidence would be transferred to this court.

[4]In some counties, a defendant may, by demanding trial on a felony charge in superior court, secure a broader jury venire and lessen the effect of purely local publicity.

Accordingly, we modify the judgment of the superior court to permit the People, if they so desire, to proceed properly with their case against defendant. The judgment is modified to read as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that a peremptory Writ of Prohibition be issued commanding respondent, THE MUNICIPAL COURT OF THE GLENDALE JUDICIAL DISTRICT, to absolutely and permanently desist and refrain from taking any further proceedings on the complaint No. M-42482, entitled People of the State of California vs. Raymond C. Larson, unless the People shall elect either to dismiss Count I of said complaint or to amend said count to charge a felonious burglary."

As so modified, the judgment is affirmed. Respondent shall recover his costs in this court.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied September 13, 1974, and appellant's petition for a hearing by the Supreme Court was denied October 24, 1974.