Opinion
PACHT, J.
Defendant was originally charged with violating Vehicle Code section 23103 (reckless driving, a misdemeanor). On the date the case was called for trial (Sept. 7, 1977) the defendant was in propria persona.
Defendant had previously (July 14, 1977) requested a jury trial on the misdemeanor charge.
The cause was called for jury trial September 7, 1977, before a commissioner.
The docket for that date states via a stamp that “By stipulation of counsel and approval of court amended complaint deemed filed charging violation section . . . .” Then, in handwriting, are set forth three additional counts, each charging an infraction. (Count II, Veh. Code, § 22348, subd. (a); count III, Veh. Code, § 21657; and count IV, Veh. Code, § 22107.) As we note elsewhere, defendant never had counsel after his arraignment. No counsel except the prosecutor stipulated to dismissal of the misdemeanor charge. Defendant throughout and to this day demanded and demands a jury trial. The docket also notes in handwriting that the defendant was then in propria persona.
The docket further states “Defendant refuses to enter plea. Court enters Not Guilty plea. Count I dismissed upon People’s motion. *Supp. 3 Defendant’s motion for jury trial is denied as complaint has been amended to charge three infractions. Continued to September 8, 1977 at 11 A.M. for court trial. Court reporter to record proceedings—county to pay fee.” The final docket entry for September 7, 1977, states in typewriting: “ ‘Motion for veniremen to Number Twelve’ executed and filed by defendant.”
There is no reporter’s transcript of the September 7, 1977, proceedings.
There is no true settled or engrossed statement on appeal but there is a reporter’s transcript of the trial which occurred the next day (Sept. 8, 1977). The court purported to settle the reporter’s transcript as the settled statement. Inasmuch as the People have not complained of this dubious practice, which neglects to allow for any statement of the grounds of appeal, we do not pursue the subject.
Defendant at the outset urged and again argued his desire for jury trial which was denied.
The defendant was then tried, convicted and sentenced. This appeal followed.
On appeal defendant raises many points whose merit need not be addressed here.
The question dispositive of this appeal is: Did the trial court err in refusing defendant a jury trial?
We answer in the affirmative.
It is not urged that defendant could not have had a jury trial had the action gone forward on the original charge—a misdemeanor. That right, unless knowingly and intelligently waived is absolute. (Cal. Const., art. I, § 16.)
What confronts us here is whether the court properly dismissed count I—the misdemeanor, and lawfully replaced it with the three infractions. (Counts II, III and IV.)
The facts proved at trial involved a high speed chase, dangerous turning, driving on the wrong side of the road, rapid acceleration away . from the police vehicle (unmarked) and a forcing of defendant to halt at gunpoint.
*Supp. 4 The citation given defendant simply charged violation of Vehicle Code section 23103. The “description of violation” on the citation contains no facts but only the curt legend: “Reckless Driving.”
The facts proved would more than amply support a guilty verdict on the original reckless driving charge. The fact that the prosecutor and court fragmented the charge in the “amended” pleading does not change the facts and it is clear from a reading of the transcript of the trial that reckless driving was proved whatever name it may have been given.
We must therefore answer two further questions:
1) May a court reduce a misdemeanor charge to infractions merely to avoid a jury trial?
2) Was that done in this case?
The posture of this case should be analyzed with reference to Penal Code sections 17 and 1042.5 and analogy drawn to them.
Penal Code section 17 reads, in pertinent part:
“(a) A felony is a crime which is punishable with death or by imprisonment in the state prison. Eveiy other crime or public offense is a misdemeanor except those offenses that are classified as infractions.
“(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
“(1) After a judgment imposing a punishment other than imprisonment in the state prison.
“(2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor.
“(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.
*Supp. 5 “(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his arraignment or plea objects to the offense being made a misdemeanor, in which eVent the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.” (Italics added.)
Penal Code section 1042.5 states: “Trial of an infraction shall be by the court, but when a defendant has been charged with an infraction and with a public offense for which there is a right to jury trial and a juiy trial is not waived, the court may order that the offenses be tried together by jury or that they be tried separately with the infraction being tried by the court either in the same proceeding or a separate proceeding as may be appropriate.”
In Larson v. Municipal Court (1974) 41 Cal.App.3d 360 [116 Cal.Rptr. 1] the court noted many reasons why a defendant originally charged with a felony might want to avail himself of the more elaborate safeguards of felony procedure.
The Larson court found these procedural rights significant enough to order the municipal court not to go forward with misdemeanor proceedings.
In its opinion the court states: “A consideration of the entire statutory theme, as set forth in paragraphs (4) and (5) of subdivision (b) of section 17, discloses the following procedural result: If a criminal case proceeds as a felony, whether because originally charged as such or because (as here) it has been converted into a felony case by reason of defendant’s objection under paragraph (4), the defendant secures, as of right, a three-stage, and relatively speedy, determination of the factual basis for the charge. He has a preliminary hearing before a magistrate under section 859 et seq. of the Penal Code; an adverse determination by the magistrate is reviewable in the superior court, prior to trial, by a motion under section 995 of the Penal Code; and an adverse determination in the superior court is reviewable in this court, and again prior to trial, by a petition under section 999a of the Penal Code. On the other hand, if the case proceeds as a misdemeanor, the defendant can review an adverse determination in the municipal court only after a trial, by appeal to the superior court, whose determination will ordinarily be final. The actual effect of paragraph (5), if the People are here correct, will be to give a defendant the first stage of the felony tri-parte procedure; it will deny to him the second and third stages. We conclude that the advantage to a *Supp. 6 defendant of the speedier review of a municipal court-magisterial determination, by two, perhaps three, levels of judicial authority is of enough, importance that he cannot be deprived thereof over his objection.” (4l Cal.App.3d at pp. 364-365, fns. omitted.)
It is noteworthy that the Larson court granted definitive relief when the affected rights were not as fundamental as the right to a jury trial claimed here.
In Necochea v. Superior Court (1972) 23 Cal.App.3d 1012, 1016 [100 Cal.Rptr. 693] the court (while disposing of a misdemeanor-felony problem) states:
“In other words, the purpose of 17, subdivision (b)(4) is not to vest the prosecutor with the judicial prerogative of decreeing in the form of a judgment the misdemeanor-felony nature of the crime, but rather to vest the district attorney with the right to extend more lenient treatment to an offender.”
Obviously, the section was not designed to take away substantial rights from a defendant. Further noteworthy is the consent of the defendant required by Penal Code section 17, subdivision (b)(4).
A problem similar to that faced here is recognized by Penal Code section 1042.5 set out above.
As will be seen from the quoted statute, (Pen. Code, § 1042.5) the Legislature has foreseen the possibility of mixed misdemeanor-infraction charges and has spoken regarding them with an eye to the Constitution.
It speaks specifically of a required jury waiver before the court can mix infractions and misdemeanors in a nonjury trial.
With these analogous guideposts we hold that a court cannot, for its convenience or even for some more worthy motive, deny a defendant a jury trial by the device of dismissing a misdemeanor charge and replacing it, over defendant’s objection, with charged infractions based on the same facts as those founding the misdemeanor complaint.
Answering our second query we are left with the inescapable conclusion that this impermissible procedure occurred in this case.
*Supp. 7 We believe the record below demonstrates that the trial court over the clear and repeated objections of the defendant acted to deprive the defendant of his right to a jury trial. This error of constitutional dimension cannot be ignored.
The judgment is reversed.
Cole, P. J., and Ibáñez, J., concurred.