[Civ. No. 52586. Second Dist., Div. Five. June 20, 1978.]

EUGENE LAWRENCE HENDRICKS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, David Meyer and H. Reed Webb, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Sterling S. Suga, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**HASTINGS, J.**—Petitioner seeks a writ of mandate directing respondent to vacate an order which dismissed a narcotics addiction petition (Welf. & Inst. Code, § 3051) and referred the matter back for resumption of criminal proceedings. The facts, which are not in dispute, are as follows: Petitioner pleaded guilty to possession for sale of a controlled substance. (Health & Saf. Code, § 11351.) At his probation and sentencing hearing, criminal proceedings were adjourned; petitioner was referred to department 95 of the superior court for narcotics addiction commitment proceedings. Following the filing of a petition pursuant to Welfare and Institutions Code, section 3051, petitioner was examined by two court-appointed physicians. They reported that petitioner claimed to have "snorted" heroin from 1960 to the present. They found no physical evidence to support the claim, concluded there was insufficient evidence that petitioner was currently addicted and recommended that the petition be dismissed. Respondent read and considered the report. Petitioner requested an opportunity to prove that he was addicted notwithstanding the negative medical evidence. He requested permission to testify in his own behalf, to call witnesses, to cross-examine the court-appointed doctors and to offer his own medical evidence. Respondent denied petitioner's request for a further hearing "based upon the mandatory language" of section 3051.[1]

Petitioner urges that neither the statute nor present case law bars the subject of a section 3051 petition from presenting evidence "in his own behalf" to counter negative medical findings. In *People v. Superior Court (Ross)*, 49 Cal.App.3d 632 [122 Cal.Rptr. 609], this court held that the superior court erred in ordering a jury trial on the question of addiction where the medical findings were negative and where the subject of the petition presented no medical evidence of any kind that he was

---

[1]Section 3051 provides in pertinent part: "Upon conviction of a defendant for any crime in any superior court . . . if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics he shall adjourn the proceedings . . . and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment and rehabilitation facility. . . .

"Upon the filing of such a petition, the court shall order the defendant to be examined by two physicians; . . . A written report of the examination by the physicians shall be delivered to the court, and if the report is to the effect that the person is not addicted nor in imminent danger of addiction, *it shall so certify and return* the defendant to the department of the superior court which directed the filing of the petition for such further proceedings on the criminal charges as the judge of such department deems warranted." (Italics ours.)

addicted or in imminent danger of becoming addicted, but merely expressed a preference for commitment to the California Rehabilitation Center. In *Ross, supra,* we expressly disavowed any intent to decide the question of whether the subject of a section 3051 petition can compel a hearing in the face of negative medical findings where he does have medical evidence of addiction to offer. We issued the alternative writ in the present case to decide that precise question.

Respondent was correct in its assessment of the language of section 3051. It certainly is mandatory in its directive that the petition shall be dismissed if the medical examiners conclude that the subject of the petition is neither addicted nor in imminent danger of becoming so; and it is clearly contemplated that the dismissal shall be without further evidentiary hearing. ■■■ Petitioner argues that such a reading of the statute denies him due process of law.

■ Notice and an opportunity to be heard are, of course, the very essence of due process; and so at first blush petitioner's argument seems appealing. Resisting the temptation to give a knee jerk response, in favor of adopting a more analytical approach, we find the argument to be deceptively simple.

The nature of section 3051 narcotics addiction commitment proceedings was definitively analyzed in *People* v. *Thomas,* 19 Cal.3d 630 [139 Cal.Rptr. 594, 566 P.2d 228]. ■ The essence of the commitment procedure is that it is involuntary. It is an adversary proceeding prosecuted by the district attorney. If successfully prosecuted, it results in incarceration under the jurisdiction of the Department of Corrections. Persons proceeded against are afforded the due process protections accorded to criminal defendants. They have the right to counsel, including the services of the public defender if indigent, at trial and on appeal and the right to a free transcript on appeal. Proof of addiction must be established, by the prosecution, beyond a reasonable doubt, and if a jury determines the issue of addiction, its verdict must be unanimous. (*People* v. *Thomas, supra.*) ■■■■ These safeguards are designed to prevent the subject's being committed except upon an adequate showing of addiction. Thus, the subject is given the right to confront, cross-examine and subpoena witnesses and to present evidence *to refute the prosecution's evidence of addiction.*

When the initial medical finding is that the subject is not addicted, the prosecution cannot go forward with its burden of proof and so the

proceeding must be dismissed. Petitioner was not denied the opportunity to present evidence in his own behalf. He was denied only an opportunity to present evidence in the prosecution's behalf. It makes no more sense to say, in the context of the involuntary commitment procedure, that the subject of a section 3051 petition was denied due process because the petition was dismissed without his having had a chance to prove his own addiction, than it would to say that a criminal defendant was denied due process by dismissal of pending charges at the conclusion of a preliminary hearing without allowing him an opportunity to prove himself guilty.

Jurisdiction to enter a commitment order depends upon strict compliance with each of the statutory prerequisites for maintenance of the proceeding. (*In re Walker,* 71 Cal.2d 54, 57 [77 Cal.Rptr. 16, 453 P.2d 456].) ▆ The person whose commitment is sought is, with one exception,[2] powerless to waive the initial medical examination—even when the commitment is voluntarily initiated. (*In re Walker, supra*; Welf. & Inst. Code, § 3104.) The purpose of California Rehabilitation Center treatment is to protect the addict from himself, to prevent the contamination of others and to protect the public generally. (*People* v. *Thomas, supra,* 19 Cal.3d 630, 641; Welf. & Inst. Code, § 3000.) It is clear that the Legislature did not feel that the protections of the California Rehabilitation Center were necessary, nor that the benefits of that institution should be afforded, to those whose addiction was not discernible to two suitably trained physicians. ▆ We must conclude that upon receipt of a medical report finding that the subject is neither addicted nor in imminent danger of addiction, the superior court is without jurisdiction to act except to dismiss the narcotics addiction commitment petition and refer the matter back for resumption of criminal proceedings.

▆ Two final notes: the medical report in the instant case stated merely that there was insufficient evidence of addiction, making no mention of imminent danger of addiction. Petitioner does not challenge the report on this ground, however, nor does he seek a referral back to the examining physicians for purposes of their making a finding as to the imminent danger of addiction. Since petitioner does not raise the issue and since the physicians recommended dismissal of the petition, we will assume that their finding of nonaddiction encompassed a negative finding also on the question of imminent danger of addiction, and that petitioner assumes so as well.

---

[2]The single exception is that a defendant who has been examined pursuant to section 1203.03 of the Penal Code may waive examination pursuant to Welfare and Institutions Code section 3051 when the section 1203.03 examination encompassed a determination of addiction. (Welf. & Inst. Code, § 3051.)

Petitioner makes no claim that the examining physicians acted in bad faith in making their report. We express no opinion herein as to what remedies, if any, might be available to a defendant who sought to show that the medical examiners acted in deliberate bad faith. Based upon the evidence before it, respondent court acted properly when it dismissed the section 3051 petition and referred petitioner back for resumption of criminal proceedings.

The alternative writ is discharged. The peremptory writ is denied.

Stephens, Acting P. J., and Ashby, J., concurred.