[Crim. Nos. 18296, 18297, 18298. First Dist., Div. Three. Dec. 7, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES WAYNE SHULTS, Defendant and Appellant.

**COUNSEL**

Camp & Rockwell and Ray T. Rockwell for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**SCOTT, Acting P. J.**—These three consolidated cases come before this court upon certification by the Appellate Department of the San Mateo County Superior Court. ■ The issue presented is whether a defendant charged with a traffic infraction can transform the charge into a misdemeanor, thereby securing the right to a jury trial, by admitting prior infraction convictions when such prior infractions are not charged by citation or complaint.

The three cases before us arise out of the traffic citations received by appellant on November 5, 1976, June 6, 1977, and June 7, 1977. In all three cases appellant offered to admit three prior infractions within a

twelve-month period and requested a jury trial. In the two June 1977 cases the traffic referee denied appellant's request after opposition thereto by the district attorney. The citations were tried by the referee without a jury, the defendant was found guilty and a fine was imposed. In the November 1976 case the district attorney originally stipulated that appellant was entitled to a jury trial on the basis of three prior infractions within a twelve-month period. A formal misdemeanor complaint was in fact filed, charging the three prior convictions. Thereafter, however, the People moved to strike the priors, over the appellant's objection. The People's motion was granted and the case was tried as an infraction by the traffic referee without a jury. Again, appellant was found guilty and a fine was imposed.

Appellant contends that under the circumstances of these cases he has a statutory right to a jury trial pursuant to the provisions of Vehicle Code section 40000.28, which provides: "Any offense which would otherwise be an infraction is a misdemeanor if a defendant has been convicted of three or more violations of this code or any local ordinance adopted pursuant to this code within the 12-month period immediately preceding the commission of the offense and such prior convictions are admitted by the defendant or alleged in the accusatory pleading. For this purpose, a bail forfeiture shall be deemed to be a conviction of the offense charged. . . ."

The infraction was introduced into California law in 1969.[1] Concurrent with its creation, the Legislature provided that a person charged with an infraction shall not be entitled to a jury trial.[2] (See *People* v. *Oppenheimer* (1974) 42 Cal.App.3d Supp. 4 [116 Cal.Rptr. 795]; *People* v. *Battle* (1975) 50 Cal.App.3d Supp. 1 [123 Cal.Rptr. 636].) Defendants charged with misdemeanors continued to have the right to a jury trial.

Vehicle Code section 40000.28 provides a procedure whereby under certain circumstances, that is, a defendant having been convicted of three prior infractions within twelve months, an infraction can be made a misdemeanor with all its attendant rights and penalties. The question here is whether both the defendant and the People have the option of

---

[1]Penal Code section 16 provides: "Crimes and public offenses include: 1. Felonies; 2. Misdemeanors; and 3. Infractions."

[2]Penal Code section 19c provides: "An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him unless he is arrested and not released on his written promise to appear, his own recognizance, or a deposit of bail."

making the offense a misdemeanor or whether the option rests solely with the People.[3]

Vehicle Code section 40000.28 appears to have a single meaning on its face and requires no interpretation. (See *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 256 [104 Cal.Rptr. 761, 502 P.2d 1049]; *People* v. *Rodgers* (1978) 79 Cal.App.3d 26, 30 [144 Cal.Rptr. 602].) The plain meaning of the relevant portion of the section is that there are two requirements for elevation of an infraction to a misdemeanor: (1) three prior convictions within twelve months, and (2) defendant's admission of the priors, *or* allegation of the priors in the accusatory pleading.

If, as the People argue, the decision is whether a crime shall be tried as an infraction or a misdemeanor is *wholly* left to the discretion of the prosecutor, the phrase "and such prior convictions are *admitted by the defendant or* alleged in the accusatory pleading" is meaningless. If the People's position is correct, the underscored portion must be completely ignored as superfluous, since if the decision is the prosecutor's alone it cannot in reason make any difference whether or not defendant admits his priors. This reading would be improper in view of the well established principle that a statute should be read as a whole and its various elements harmonized in light of its overall scheme. (See *Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].)

The People assert that Vehicle Code section 40000.28 is intended simply to permit the district attorney to prosecute a traffic offense either as an infraction or as a misdemeanor even in situations where there is lack of notice to the defendant in the charging document of misdemeanor treatment, but the defendant admits to uncharged priors. His admission obviates notice and due process problems since he cannot claim he was unaware of the priors, and cannot show prejudice since he himself chose to admit them and expose himself to misdemeanor liability. (Cf. *People* v. *Brown* (1973) 35 Cal.App.3d 317, 322-323 [110 Cal.Rptr. 854].) This appears to be a strained reading of the statute because if the People desired such misdemeanor prosecution, the district attorney could and would charge prior infraction convictions at some point in time.

---

[3]The suffering of a fourth infraction within 12 months does not automatically elevate the infraction to misdemeanor status. Section 42001, subdivision (a) makes it clear that the fourth offense may be treated either as an infraction or a misdemeanor. The section provides, "every person convicted of an infraction . . . shall be punished . . . for a third or any subsequent conviction within a period of one year by a fine of not exceeding two hundred fifty dollars ($250)." Therefore, to convert the fourth offense into a misdemeanor, the provisions of Vehicle Code section 40000.28 must be followed.

It is apparent from the statute that an infraction can be made a misdemeanor, either by the defendant's admitting the three prior convictions or the People's alleging such prior convictions in an accusatory pleading. It necessarily follows that the court must make a determination of whether in fact the accused has suffered three prior infraction convictions within a twelve-month period before the current charge receives treatment as a misdemeanor. In the present case, it appears that the appellant was convicted of only two infractions within the twelve months preceding the two June 1977 citations. No finding was made by the traffic referee in that regard, however, it having been the referee's determination that only the People were entitled to elevate the offense to a misdemeanor. On remand it will be necessary for the referee to make a determination as to the number of infractions actually suffered by appellant in the 12-month period immediately prior to the June 1977 citations, preliminary to determination of whether appellant should receive misdemeanor treatment.

■ The People urge that our reading of the statute would make it unconstitutional in that it would contravene the prosecutorial prerogative granted by the Constitution to the People.

■ The People correctly contend that the California Constitution, article V, section 13 gives to the Attorney General and the district attorneys exclusive responsibility for prosecution. This is confirmed by Government Code section 26500 et seq. No private citizen can initiate a misdemeanor complaint absent the district attorney's approval, authority or concurrence (*People* v. *Municipal Court (Bishop)* (1972) 27 Cal.App.3d 193, 199-206 [103 Cal.Rptr. 645, 66 A.L.R.3d 717]), nor may his power be controlled by the courts (e.g., *Hicks* v. *Board of Supervisors* (1977) 69 Cal.App.3d 228, 240-241 [138 Cal.Rptr. 101]; *Taliaferro* v. *Locke* (1960) 182 Cal.App.2d 752, 755-757 [6 Cal.Rptr. 813]). "The power to enforce the state's laws is vested in the Attorney General [citation], and the responsibility for investigating and prosecuting criminal activity is vested in the district attorney or the grand jury. [Citations.] No one can institute criminal proceedings without the concurrence, approval or authorization of the district attorney." (*Rosato* v. *Superior Court* (1975) 51 Cal.App.3d 190, 226 [124 Cal.Rptr. 427].)

■ The Legislature therefore has no constitutional power to subject the prosecutor's decision to the control of a private citizen, whether a defendant or not. It does not follow, however, that Vehicle Code section 40000.28 does in fact make an unconstitutional delegation of authority to

elevate an infraction to a misdemeanor. Permitting a defendant to elevate the charge from infraction to misdemeanor does not interfere with the prosecutorial function of deciding whether to charge a defendant with an offense. This was the issue addressed in the cases upon which the People rely (e.g., *People* v. *Municipal Court (Bishop), supra,* 27 Cal.App.3d 193; *People* v. *Adams* (1974) 43 Cal.App.3d 697 [117 Cal.Rptr. 905]).

Vehicle Code section 40000.28 is not unique in giving a defendant the right to increase the seriousness of the charge against him. Penal Code section 17, subdivision (b) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . . (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, *unless the defendant* at the time of his arraignment or plea *objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony* and the case shall proceed on the felony complaint." (Italics added.)

Thus there is precedent for the apparent scheme of section 40000.28, that is, to permit the defendant to insist upon being charged with the greater rather than the lesser offense. *Larson* v. *Municipal Court* (1974) 41 Cal.App.3d 360 [116 Cal.Rptr. 1], upheld the defendant's right under Penal Code section 17, subdivision (b)(4). While it is true, as urged by the People, that the issue of legislative power "to control exercise of prosecutorial discretion" apparently was not raised in *Larson,* still the court upheld the legislative scheme which gave the defendant an absolute right to be tried as a felon, even in the face of a magistrate's later determination that the offense was a misdemeanor. The court reasoned that the statutes give a defendant who chooses the felony procedure the advantages of a relatively speedy determination of the factual basis of the charge (that is, preliminary hearing, Pen. Code, § 995 review, and Pen. Code, § 999a review), whereas misdemeanor treatment provides only limited review. The court concluded that this advantage "is of enough importance that [the defendant] cannot be deprived thereof over his objection." (41 Cal.App.3d at p. 365.) Certainly the same may be said of the right to jury trial in the case at bench.

We conclude, therefore, that the statute does not unconstitutionally interfere with the prosecutorial function of the People.

■ The conviction for the November 1976 infraction is in somewhat different posture than the June 1977 infractions. It is clear that the court may strike priors charged against a defendant "in furtherance of justice," pursuant to Penal Code section 1385 (*People* v. *Burke* (1956) 47 Cal.2d 45 [301 P.2d 241]), and this can be done without the consent of the district attorney (*People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]). It does not follow that this operates to deprive a defendant of the right to a jury trial, or that the charge can be reduced from a misdemeanor to an infraction over his objection. (See *Larson* v. *Municipal Court, supra,* 41 Cal.App.3d 360.)

The court in the instant case did not give reasons for its striking of the priors, which requires a reversal of appellant's conviction on the November 1976 infraction. (See *People* v. *Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193].) On reversal, although the court may strike the priors in the furtherance of justice, stating its reasons therefor in the minutes, the striking of the priors may not have the effect of depriving appellant of his right to a jury trial as such denial to the defendant would not be in the furtherance of justice. Although the court cannot deprive a defendant of a jury trial by striking priors, the court can reduce an offense to the status of an infraction by striking the priors over the district attorney's objection.[4]

The judgment as to the November 5, 1976, offense is reversed. The judgments as to the June 6 and June 7, 1977, offenses are reversed and remanded for a determination of whether appellant had suffered three prior infraction convictions within twelve months of the commission of the fourth offense. If such convictions have not been suffered, the judgment is reinstated and affirmed.

Feinberg, J., and Halvonik, J., concurred.

A petition for a rehearing was denied January 5, 1979, and the opinion was modified to read as printed above.

---

[4]Such action, however, is also limited by the requirement that it be done "in the furtherance of justice." A court may not formally notice a defendant's admission of priors and then later strike those priors simply to accommodate the defendant's desire for both a jury trial and the advantage of the reduced penalty attaching to an infraction, for that would subvert the Legislature's determination that infractions ordinarily should be tried without a jury. (Pen. Code, § 19c; Veh. Code, § 40000.28; see *People* v. *Orin, supra,* 13 Cal.3d at p. 944; *People* v. *Winters* (1959) 171 Cal.App.2d Supp. 876, 882 [342 P.2d 538].)