[Civ. No. 59754. Second Dist., Div. Two. Dec. 5, 1980.]

JIMMY SANTIAGO SALCIDO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Rose Hom and Melissa Hill, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Arnold T. Guminski, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**COMPTON, J.**—Petitioner, stands convicted in the Superior Court of Los Angeles County of the crime of burglary, but as yet has not been sentenced. He petitions this court for a writ of mandate to compel that court to hold a hearing pursuant to Welfare and Institutions Code 3051[1] to determine whether he is a drug addict and if so whether he should be committed to the California Rehabilitation Center.

We originally denied the petition. On a petition for hearing to the California Supreme Court, that court returned the matter to us and di-

---

[1]Welfare and Institutions Code section 3051 provides in pertinent part: "Upon conviction of a defendant for any crime in any superior court, or following revocation of probation previously granted, and upon imposition of sentence, if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics the judge shall suspend the execution of the sentence and order the district attorney to file a petition for commitment of the defendant to the Director of Corrections for confinement in the narcotic detention, treatment, and rehabilitation facility unless, in the opinion of the judge, the defendant's record and probation report indicate such a pattern of criminality that he or she does not constitute a fit subject for commitment under this section."

All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

rected that we issue an alternative writ. We complied and calendared the matter for oral argument. We are of the opinion that the petition should again be denied.

Following petitioner's conviction, proceedings in the trial court were suspended and he was referred to Department 95 of the Los Angeles County Superior Court, the department which handles such matters, to determine whether petitioner was a person within the purview of section 3051. A petition alleging that fact was duly filed and a qualified psychiatrist was appointed to examine petitioner.

When the appointed doctor reported to the court that petitioner was *not* addicted to narcotics within the meaning of the law, petitioner requested and obtained the appointment of a second psychiatrist. This second doctor reported that he had reached a contrary conclusion.

At that stage of the proceedings, the district attorney advised the court that he felt unable to proceed further because he could not establish petitioner's addiction beyond a reasonable doubt. In the opinion of the district attorney, the report of the second doctor was neither credible nor reliable. The court then dismissed the petition and returned petitioner to the original trial court. These writ proceedings ensued.

■ Petitioner contends that the action of the judge sitting in department 95, in refusing to hold a hearing and dismissing the petition was (1) contrary to the legislative intent, (2) denied him due process of law, and (3) was an improper deference to the district attorney's discretion which violated article III, section 3 of the California Constitution (separation of powers). We disagree.

■ The nature and concept of proceedings for the commitment of addicts under the various provisions of the Welfare and Institutions Code is discerned from a reading of *People* v. *Thomas* (1977) 19 Cal. 3d 630 [139 Cal.Rptr. 594, 566 P.2d 228], and *In re Walker* (1969) 71 Cal.2d 54 [77 Cal.Rptr. 16, 453 P.2d 456].

■ *Jurisdiction* to order commitment requires strict compliance with the statutory requirements. ■ The requirement of a medical examination conducted according to the statute cannot be waived by the person who is the subject of the proceedings whether the proceedings be voluntary or involuntary in nature. (*In re Walker, supra.*)

The reasons for not permitting a waiver are, on the one hand, that, in order to prevent overcrowding of the facilities, there must be an assurance that the individual is truly a person in need of services, and on the other hand that the individual be protected against an improvident decision on his part.

■ When the commitment proceedings are involuntary in nature, as they are under section 3051, the individual is protected against an improvident decision by a court to commit him by his being accorded all the due process protection enjoyed by criminal defendants, i.e., the right to counsel, the right to have addiction proved beyond a reasonable doubt, the right to confront and cross-examine witnesses, the right to a jury trial on demand, and in case of such trial, a unanimous verdict. (*People* v. *Thomas, supra,* 19 Cal.3d 630.)

The stated legislative intent in establishing the mechanism for the treatment of addicts, (§ 3000) refers in part to the public interest to be served by the legislative scheme, i.e., the prevention of the contamination of others and protection of the public.

That legislative intent, coupled with the holdings in *In re Walker, supra,* 71 Cal.2d 54, and *People* v. *Thomas, supra,* 19 Cal.3d 630, clearly indicates that the California Rehabilitation Center is not maintained as a place of refuge for anyone who, for various personal reasons, not the least of which may be the avoidance of prison confinement, desires to be admitted. ■ In short, no one has a *right* to be declared an addict and, as such, be committed to the California Rehabilitation Center.

In *Hendricks* v. *Superior Court* (1978) 81 Cal.App.3d 950 [146 Cal.Rptr. 798], petitioner, who was the subject of a petition pursuant to section 3051, sought to be afforded an evidentiary hearing in which he could prove his addiction in spite of the fact that two doctors had reported a lack of any evidence that he was addicted.

The Court of Appeal, in rejecting petitioner's claim of a denial of due process in refusing him such a hearing, described the adversary nature of the proceedings and the district attorney's role in prosecuting the action. It was there stated at pages 954-955: "When the initial medical finding is that the subject is not addicted, the prosecution cannot go forward with its burden of proof and so the proceeding must be dis-

missed. . . . It makes no more sense to say, in the context of the involuntary commitment procedure, that the subject of a section 3051 petition was denied due process because the petition was dismissed without his having had a chance to prove his own addiction, than it would to say that a criminal defendant was denied due process by dismissal of pending charges at the conclusion of a preliminary hearing without allowing him an opportunity to prove himself guilty. . . . [¶] We must conclude that upon receipt of a medical report finding that the subject is neither addicted nor in imminent danger of addiction, the superior court is *without jurisdiction to act* except to dismiss the narcotics addiction commitment petition and refer the matter back for resumption of criminal proceedings." (Italics added.)

Petitioner contends that *Hendricks, supra*, was wrongly decided and that in any event it is distinguishable because the statute has since been amended. We believe that *Hendricks, supra*, was decided correctly and the amendment which we will discuss, *infra*, did not change the picture.

At the time of the *Hendricks* decision, section 3051 required the appointment of two doctors in the initial phase of the proceedings. A *1979* amendment to section 3051 reduced the number of doctors to be appointed to one but provided that defendant could request that an additional doctor be appointed.

The following language from *Hendricks, supra*, 81 Cal.App.3d at page 955, is also germane. "It is clear that the Legislature did not feel that the protections of the California Rehabilitation Center were necessary, nor that the benefits of that institution should be afforded, to those whose addiction was not discernable to two suitably trained physicians."

The amendment means to us that the Legislature now feels that the California Rehabilitation Center should not be available to those persons whose addiction cannot be discerned by at least one physician. As a protection for the individual, the Legislature has provided that a person may not be *involuntarily* committed on the basis of a single medical opinion that he is an addict without being given the opportunity to *refute* that opinion by an opinion of a second doctor that he is *not* addicted.

That is the only logical interpretation of the amendment. It is totally illogical to assume that the Legislature had in mind a situation where a

person would desire to have a doctor appointed to *corroborate* the opinion of the first doctor that he was addicted—that would be a redundancy. ▆ On the other hand, in line with the *Hendricks* rationale, it cannot be inferred that the Legislature intended to afford an opportunity for a person, through the appointment of a second doctor, to prove his own addiction when the first doctor's opinion was negative.

If the court here committed any error it was in appointing the second doctor to examine the defendant after the first doctor had rendered a negative report.

▆ Turning now to the petitioner's argument concerning the doctrine of separation of powers. Since we have concluded that the court's action in dismissing the petition was proper, it matters not that his actions coincided with the district attorney's request to do so.

Furthermore, the doctrine of separation of powers does not operate just one way. The judiciary may not invade the prerogative of the executive branch. The district attorney, subject to the supervisory control of the Attorney General, represents the state as the public prosecutor, (Cal. Const., art. V, § 13; Gov. Code, § 26500) and as such is endowed with prosecutorial discretion. The judicial branch has no authority to impinge on the exercise of that discretion. (*People* v. *Municipal Court* (1972) 27 Cal.App.3d 193 [103 Cal.Rptr. 645, 66 A.L.R.3d 717].)

Proceedings pursuant to section 3051 are independent from the sentencing proceedings in the original trial court. Thus, while the district attorney's consent is not required for the trial court to commit to the California Rehabilitation Center a convicted defendant who is shown to be an addict (*People* v. *Navarro* (1972) 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481]) that court cannot compel the district attorney to prosecute a proceeding which he, in the proper exercise of his discretion, may determine to be nonmeritorious.[2]

Since the district attorney had the responsibility for prosecuting the proceedings under section 3051 and to establish addiction beyond a reasonable doubt, he was well within his prerogative in advising the court

---

[2]We need not decide whether the provision of section 3051 which purports to authorize the court to *order* the filing of a petition violates article III, section 3 of the California Constitution. That question is not before us.

that he could not in good conscience go forward with the case and to request a dismissal of the petition.

The alternative writ is discharged. The petition is denied.

Fleming, Acting P. J., and Beach, J., concurred.

A petition for a rehearing was denied December 24, 1980, and petitioner's application for a hearing by the Supreme Court was denied March 20, 1981. Racanelli, J.,* participated therein.

*Assigned by the Chairperson of the Judicial Council.