[Civ. No. 61950. Second Dist., Div. Two. Nov. 5, 1981.]

MICHAEL METCALF, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE VENTURA COUNTY
JUDICIAL DISTRICT OF VENTURA COUNTY, Defendant and
Respondent; THE PEOPLE ex rel. MICHAEL D. BRADBURY, as
District Attorney, etc., Real Party in Interest and Respondent.

**COUNSEL**

Richard E. Erwin, Public Defender, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Michael D. Bradbury, District Attorney, and Robert J. Bayer, Deputy District Attorney, for Real Party in Interest and Respondent.

**OPINION**

**ROTH, P. J.**—On May 6, 1980, a misdemeanor criminal complaint was filed against appellant, count I of which alleged he had "... committed

the crime of violation of section 270 of the Penal Code in that between the dates of August 25, 1979 and December 24, 1979, in Ventura County, California, being the father of Tiffany Metcalf, born December 20, 1966; he did willfully and without lawful excuse omit to furnish said minor child[ren] [*sic*] with necessary food, clothing, shelter, medical attendance or other remedial care."

Count II of the complaint further alleged appellant had ". . . committed the crime of violation of section 166.4 of the Penal Code in that between the dates of August 25, 1979 and December 24, 1979 in Ventura County, California, he was willfully disobedient to an order lawfully issued by the Superior Court of Ventura County, State of California, a copy of which is attached hereto as exhibit A and incorporated by reference herein, in that he did not pay the child support ordered therein."

The document referred to in the complaint as exhibit A consisted of a "Default Judgment By Court" dated October 2, 1973, whereunder appellant was ordered to pay $190 per month in child support on behalf of said Tiffany Metcalf.

At his arraignment on the charges, appellant objected "to the charged offense[s] . . . being made a misdemeanor" and demanded that the complaint be amended to charge a felony, pursuant to the provisions of Penal Code section 17, subdivision (b)(4). The objection was overruled and the demand denied by the municipal court.

Thereafter, appellant filed his petition in the superior court for prohibition or mandamus effecting reversal of these determinations. That petition likewise was denied by order dated November 25, 1980. This appeal followed.

What was claimed in the petition and is reiterated here is that appellant was entitled to the relief sought because the provisions of Penal Code section 270 taken in conjunction with those of Penal Code section 17, subdivision (b)(4) required the result.

The former section specifies in pertinent part that: "If a parent of a minor child willfully omits, without lawful excuse, to furnish necessary clothing, food, shelter or medical attendance, or other remedial care for his or her child, he or she is guilty of a misdemeanor punishable by a

fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment. If a court of competent jurisdiction has made a final adjudication in either a civil or a criminal action that a person is the parent of a minor child and the person has notice of such adjudication and he or she then willfully omits, without lawful excuse, to furnish necessary clothing, food, shelter, medical attendance or other remedial care for his or her child, this conduct is punishable by imprisonment in the county jail not exceeding one year or in a state prison not exceeding one year and one day, or by a fine not exceeding one thousand dollars ($1,000), or by both such fine and imprisonment."

Section 17, subdivision (b)(4), on the other hand provides: "(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"      .      .      .      .      .      .      .      .      .      .      .      .      .      .

"(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint."

That appellant's writ petition was properly denied, however, seems clear to us from the fact that of the two classes of crimes described by the language of section 270 set out above, only that which is solely a misdemeanor was charged in the complaint, such that section 17, subdivision (b)(4) is without application.

Appellant contests this reasoning by resort to the complaint's second count. Thus, it is said, the complaint, viewed as a whole, is one effectively charging appellant with the conduct proscribed by the second sentence of section 270, because count II of the complaint incorporated the terms of the support order denominated exhibit A. So, the argument continues, while count I as it appears in the complaint could not by itself have provided any occasion for resort to section 17, subdivision (b)(4), the additional allegations of count II alter that result when read together with those of count I.

Support for the novel theory, it is maintained, is found in *People* v. *Shultz* (1979) 87 Cal.App.3d 101 [150 Cal.Rptr. 747] and *Larson* v. *Municipal Court* (1974) 41 Cal.App.3d 360 [116 Cal.Rptr. 1].

In the first of these the question was whether one charged with a traffic infraction could transform the charge into a misdemeanor by admitting prior infraction convictions, even though such prior convictions were not charged. It was held such was permissible. The basis for that decision, however, was found in the particular language of Vehicle Code section 40000.28 to the effect that: "Any offense which would otherwise be an infraction is a misdemeanor if a defendant has been convicted of three or more violations ... within the 12-month period immediately preceding the commission of the offense and such prior convictions are admitted by the defendant or alleged in the accusatory pleading." Accordingly, *Shultz* is not authority for appellant's contention.

The same is true of *Larson*. In that case, consideration was directed toward the then version of section 17, subdivision (b)(5) rather than section 17, subdivision (b)(4). Of equal importance, moreover, the charge involved was one, i.e., burglary, which unlike that described in the first sentence of section 270, could not have been under any circumstances *solely* a misdemeanor. (See Pen. Code, §§ 460, 461.)

Such being the case, appellant's claim must be rejected, unless we are to conclude he is otherwise entitled generally to determine what level of crime he is to be charged with, wholly as an incident of securing to himself whatever procedural and substantive advantages might inhere in the choice. That such a conclusion could not be justified derives, we think, from those authorities which make clear the sole discretionary power to bring criminal charges and to select their nature rests with the prosecutor. (See *People* v. *Shultz, supra*, 87 Cal.App.3d 101, 106; *People* v. *Smith* (1975) 53 Cal.App.3d 655, 659 [126 Cal.Rptr. 195]; *People* v. *Adams* (1974) 43 Cal.App.3d 697, 707-708 [117 Cal.Rptr. 905].)

The order appealed from is affirmed.

Compton, J., and Beach, J., concurred.