Filed 3/9/23  P. v. Perez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO PEREZ,<br><br>    Defendant and Appellant. | B319913<br><br>(Los Angeles County<br>Super. Ct. No. KA128785) |

APPEAL from the order of the Superior Court of Los Angeles County, Christian R. Gullon, Judge.  Reversed.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

1

Attorney General, Kenneth C. Byrne and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Armando Perez (defendant) pleaded no contest to one count of being a felon in possession of a firearm (Pen. Code, § 29800).[1] By virtue of that plea, defendant was statutorily required to relinquish any firearms he owned or controlled and complete a Prohibited Persons Relinquishment Form (the Form) attesting to the relinquishment of the firearms or, if they have not been relinquished, describing the firearms and providing information about their current locations. (§ 29810, subds. (a)(1), (b)(3).) The failure to fill out the form is an infraction punishable with a $100 fine. (*Id.*, subd. (c)(5).) When defendant refused to complete the Form, the trial court summarily imposed a $100 fine. Because the trial court's actions violate the separation of powers, as recognized in *People v. Villatoro* (2020) 44 Cal.App.5th 365 (*Villatoro*), we are compelled to reverse the order imposing that fine.

## FACTS AND PROCEDURAL BACKGROUND

On October 15, 2021, a peace officer pulled over a car for a moving violation. Defendant was the driver and sole occupant. After defendant reported that he was already on probation, the officer did a "probation . . . search" of the vehicle and found a loaded firearm secreted in the center console.

The People charged defendant with being a felon in possession of a firearm, and alleged his 2017 federal conviction for importing methamphetamine (21 U.S.C. § 952) as the prior

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

felony.[2]  Defendant pled no contest to that charge, and was informed that his conviction meant he could never again possess a firearm and that he would be statutorily required to fill out a "firearms relinquishment form."  The trial court placed defendant on formal probation for two years, which included 180 days in the County jail.

Following his plea, defendant was given the Form to complete.  He filled in his name, sex, and date of birth, but otherwise left the Form blank.  The probation department determined that defendant had three firearms registered in his name that had not been relinquished.  The trial court continued a November 2021 hearing to March 3, 2022, to give defendant the opportunity to be present regarding the relinquishment of the three firearms.  At the March 2022 hearing, defense counsel offered to have defendant "declare under penalty of perjury" that he no longer had those firearms "in his possession."  Defense counsel reported that defendant would refuse to answer any questions on the three firearms' current locations due to his "Fifth Amendment right" against self-incrimination.  Defendant also refused to attest to whether he still owned the three firearms or could "exert dominion or control" over them.  When the court put the matter over for a brief recess, defense counsel announced that defendant would "be asserting his Fifth Amendment right as to any additional questions [beyond current possession]."  In light of what the trial court viewed as noncompliance with the Form's requirements—which obligate a defendant either (1) to disclaim possession, ownership or "control" over registered firearms, or (2)

---

[2]     The People also charged defendant with unlawful possession of ammunition, but dismissed that count as part of the plea bargain.

3

to report on their current location—the court "impose[d]" a $100 fine "for violation" of the statutory requirement that defendant fill out the Form. Defendant lodged an objection.

After defendant filed a petition for a writ of mandate, which was denied, he filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in imposing the $100 fine because (1) the court effectively charged, tried, convicted and sentenced defendant to the infraction of not completing the Form in violation of the separation of powers that obligates *the prosecutor* to charge infractions; (2) the court improperly penalized him for asserting his privilege against self-incrimination, and (3) the court's finding that defendant did not comply with the Form's requirements was not supported by substantial evidence. The first question is a question of law that we review de novo. (*People v. Cromer* (2001) 24 Cal.4th 889, 894.) Because it is dispositive of this appeal, we need not reach the remaining two grounds.

As pertinent here, California law requires that a defendant convicted of being a felon in possession must (1) "relinquish all firearms he" "owns, possesses, or has under his . . . custody or control" (§ 29810, subd. (a)(1)), and (2) complete the Form, in which the defendant must "declare any firearms that he" "owned, possessed, or had under his . . . custody or control" and, as to any firearms that are *not* relinquished, to "provide all reasonably available information about [their] location" (*id.*, subds. (a)(2) & (b)(3)). That law also requires the court to "make findings" regarding whether the defendant has complied with these requirements. (*Id.*, subd. (c)(3).) "Failure" "to timely file [a]

4

completed" Form "shall constitute an infraction punishable by a fine not exceeding" $100.  (*Id.*, subd. (c)(5).)

The separation of powers principles that animate our State's constitution assign "the discretionary power to initiate criminal prosecutions" to the "executive branch."  (*Steen v. Appellate Division of Superior Court* (2014) 59 Cal.4th 1045, 1048 (*Steen*); *People v. Municipal Court for Ventura Judicial Dist.* (1972) 27 Cal.App.3d 193, 206 ["Due process of law requires that criminal prosecutions be instituted through the regular processes of law," which "include the requirement that the institution of any criminal proceeding be authorized and approved by the district attorney"]; *People v. Shults* (1978) 87 Cal.App.3d 101, 106 ["the California Constitution, article V, section 13 gives to the Attorney General and the district attorneys exclusive responsibility for prosecution"]; see generally Gov. Code, § 26500 [defining the "district attorney" as the "public prosecutor"].)  This power includes the power to initiate the prosecution of infractions, which under California law are generally initiated by the same procedures as misdemeanors.  (§ 19.7.)  Because they are part of the *judicial* branch, courts lack the authority to initiate the prosecution of a misdemeanor or infraction.  (Accord, *Hicks v. Board of Supervisors* (1977) 69 Cal.App.3d 228, 240-241 ["The discretionary power vested in the district attorney to control the institution of criminal proceedings may not be controlled by the courts"]; *Salcido v. Superior Court* (1980) 112 Cal.App.3d 994, 1001 ["The judiciary may not invade the prerogative of the executive branch.  The district attorney . . . . is endowed with prosecutorial discretion. The judicial branch has no authority to impinge on the exercise of that discretion"].)  By finding that defendant had violated the statute requiring

completion of the Form, the trial court in this case effectively initiated prosecution of an infraction.  This was beyond its power to do.  (Accord, *Villatoro*, *supra*, 44 Cal.App.5th at pp. 368-370 [reaching same conclusion under nearly identical facts].)

The People resist this conclusion with two arguments.

First, the People argue that a court may initiate a prosecution if it has "the concurrence, approval or authorization of the district attorney" (*Rosato v. Superior Court* (1975) 51 Cal.App.3d 190, 226), and here the prosecutor did not object when the trial court effectively charged, tried, convicted and sentenced defendant to the infraction of not completing the Form. We reject this argument for two reasons.  For starters, we harbor serious doubts that a prosecutor's silence constitutes "concurrence, approval or authorization." (*Villatoro*, *supra*, 44 Cal.App.5th at p. 369 [so concluding]; cf. *Steen*, *supra*, 59 Cal.4th at pp. 1048-1049 [finding concurrence of prosecutor to clerk's issuance of infraction complaints due to prosecution's "implicit[] approv[al]" of an "established practice" of acting on the issuance of such complaints].)  Further, and even if the prosecutor's lack of objection could somehow be construed as concurrence, an infraction must be initiated by a written complaint or citation (§§ 740, 853.5, subd. (a), 853.6, 853.9, subd. (a)(1)), and no such complaint or citation was ever drafted or filed in this case.

Second, the People urge that it is cumbersome, inefficient and a "waste of resources" to have a trial court ask the prosecutor to file an infraction complaint or citation and to set a separate trial on the infraction, when the evidence of that infraction as well as all of the parties are already before the court.  That may be so, but convenience and efficiency do not trump the separation

6

of powers principles or the statutory procedural requirements that apply to infractions.

## DISPOSITION

The March 3, 2022, order imposing the $100 fine is reversed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

7